O’CONNELL, STEPHEN G, Associate Judge.
The appellant in this interlocutory appeal, Luise Cristiani, through counsel referred to herein as first counsel, instituted suit for divorce in 1951. The appellant’s husband filed an answer in which he alleged that the parties had become reconciled and were then living together as husband and wife. The record reflects no further action in the cause until 1959.
However, some two years prior to filing of this appeal appellant engaged a second firm of attorneys who associated with them a third firm and appear to have associated with the first counsel as well.
When appellant discovered that the first counsel was associated in the case again, she apparently decided that she did not wish to proceed further. Various things, not necessary to be detailed here, were done by her and the last two firms of attorneys to disassociate themselves from each other and from the case.
At about this same time the counsel who had appeared for appellant’s husband when the suit was filed in 1951 moved to dismiss the cause for lack of prosecution and asked that their status as the defendant husband’s attorney be clarified, alleging that they had had no further contact with him since the filing of the answer in 1951.
At about the same time the appellant’s first counsel filed a petition for reasonable attorney’s fees and for permission to withdraw as one of appellant’s counsel upon payment of the fee.
On January 12, 1959 an order was entered dismissing the cause for lack of prosecution, the order providing, however, that the court retained jurisdiction to determine the liability of the appellant for attorney’s fees due her first counsel.
On the next day, January 13th, the court entered an order in which the first counsel was awarded “ * * * a judgment in the sum of $461.45, together with interest thereon at the rate of six per cent per annum, upon an account stated since February 21, 1951, against the Plaintiff heréin, Luise Cristiani, for which let execution issue.”
In this order the court also said “ * * * that as a condition precedent to future litigation with the defendant herein on divorce matters, by the said Luise Cristiani, said judgment shall be paid and satisfied.”
Appellant, who is acting in pro persona, assigns twenty-one errors to the orders entered by the trial court relating to the determination of status and withdrawal of counsel and to the order of January 13th awarding the judgment for attorney’s fees against her. No brief has been filed by the appellee or by appellant’s first counsel, in whose favor the judgment for attorney’s fees was entered.
Only the last order deserves attention.
This order is in error on two points. The first relates to the propriety of a court of equity entering a judgment against the wife for attorney’s fees for legal representation in a divorce suit brought by her against her husband in which proceeding the legal representation produces no property or fund against which a charging lien is involved. The second relates to the authority of a court to make payment of a judgment a condition precedent to further access to relief in courts of this State.
*728 We point out again that we are not here concerned with the question of an order protecting an attorney’s charging or retaining lien on the fruits of litigation, but solely with the question of whether a court may properly in a divorce action enter a judgment against a litigating wife in favor of her attorney for legal services rendered to the wife in the suit. Nothing that is said herein shall be construed to apply to cases involving charging or retaining liens of an attorney.
While it is clear that the husband, in a divorce proceeding such as here, may be required by order of court to pay the wife’s attorney a reasonable sum for his services in representing the wife, we know of no authority under which a court may enter an order or judgment in favor of the wife’s attorney and against her for such services.
A court in an action for divorce has no more power to enter an order or judgment requiring the wife to pay her attorney a fee for representing her in that action than it has in any other type of action.
As between the wife and her attorney, in a case such as this, he is in no different position than an attorney who has represented the husband in a divorce action or any other person who has a claim for services rendered to or on an account stated with the wife. He must bring an action at law to recover therefor.
In cases such as this the wife is entitled to due process of law which includes a jury trial and includes all defenses available to her in contract actions. These rights were denied her by the entry of the order in question.
For these reasons the order appealed from must be reversed.
The reversal of the granting of the judgment makes unnecessary treatment of the condition placed on the appellant’s right to further litigation. Nevertheless, we are constrained to say that we know of no authority for any court to deny a litigant the right to relief in the courts of this State for nonpayment of a money judgment. The power of the court to delay proceedings or strike pleadings for contempt does not apply to such circumstances.
Reversal herein does not defeat the right of counsel to seek to obtain compensation. He may still be able to proceed against the husband of the appellant in the subject proceedings, or to sue the wife in an action ex contractu.
For the reasons above expressed the order dated January 13, 1959 awarding the judgment above mentioned is reversed. All other orders attacked are affirmed.
ALLEN, C. J., and KANNER, J., concur.