HENDRY, Chief Judge.
This is an appeal from a final decree of divorce granted to plaintiff, Carmen Bencomo, in which she was declared to be a one-half owner of the La Gorce Apartments. The La Gorce .Apartments were found to be owned by the husband and wife as an estate by the entireties and they were ordered to make an accounting each to the other of their operation of the apart *875 ments from the date of the filing of the suit to the date of the final decree. An attorney’s fee of $6,600.00 was fixed by the court as a reasonable fee for plaintiff’s attorney, and the plaintiff and defendant were ordered to pay equal sums of $3,300.00 each.
The parties were married on November 16, 1960. The defendant, husband, had acquired the apartments in his own name in 1957. The wife’s name was placed on the deed to the La Gorce Apartments on August 29, 1963. The complaint for divorce was filed on February 16, 1965.
The wife contends on appeal that the chancellor erred in requiring her to pay attorney’s fees and in ordering an accounting from the date of the filing of the action rather than from the date of the commencement of the estate by the entireties.
On cross-appeal the husband contends that the chancellor erred in finding that the wife owned a one-half interest in the apartments and in requiring him to pay any part of the fees due to the wife’s attorney.
The evidence supports the chancellor’s findings that the parties owned the La Gorce Apartments as an estate by the entireties.
Because of the nature of an estate by the entireties, courts have held that an accounting can not be required between the spouses,[1] at least in the absence of unusual circumstances.[2] At common law the husband had the absolute and exclusive right to the control, use, rents and profits of the property so held, however, Florida has receded from this view and equitable relief may be granted a co-tenant by the entireties in cases of conflicting interests.[3]
The husband, by motion filed May 26, 1965, sought an accounting alleging that for the past four months the wife had denied him access to various records and bank statements of the apartment’s operation and had refused to account to him or furnish him with any data concerning the operation. The wife does not argue that an accounting should not be required, but submits that it should be required for the entire period of joint ownership rather than from the date of filing of the complaint.
The wife gives no reason why the accounting should have been required from the date of the commencement of the estate by the entireties other than that is when her interest arose.
The wife has failed to demonstrate that the chancellor’s order requiring an accounting was in error and it will not be disturbed on appeal.
 The court in this divorce action had no power to enter an order requiring the wife to pay her attorney a fee.[4] However, the chancellor did not abuse his discretion in requiring the husband to pay one-half of the wife’s attorney fees even though she was financially able to pay them herself.[5]
Therefore, the decree appealed is affirmed except as to that part requiring the wife to pay her attorney a fee which is reversed.
Affirmed in part, reversed in part.

. 4 Powell, Real Property pt. 3 § 623 at 666 (1954 Supp. 1966).

. In re Cochran’s Real Estate, 31 Del.Ch. 545, 66 A.2d 497 (1949).

. Lacker v. Zuern, Fla.App.1959, 109 So.2d 180.

. Cristiani v. Cristiani, Fla.App.1959, 114 So.2d 726.

. Turney v. Turney, Fla.App.1963, 149 So.2d 83.