PEARSON, Judge.
The appellant Constantinos Stamatinos instituted an action for malicious prosecution against his former employer Northeast Airlines. The complaint was in two counts. The first alleged that Northeast Airlines procured without good faith or probable cause an affidavit to be filed before a justice of the peace charging the plaintiff with larceny and that after hearing the justice of the peace dismissed the charge and refused to bind the plaintiff over. , Secondly, plaintiff alleged that Northeast Airlines continued prosecution against him and caused criminal complaint of grand larceny to be filed with the state’s attorney immediately after the justice of the peace hearing. It is further alleged that a nolle prosequi was entered upon the second charge on the day set for trial.
The appellant was accused of having been one of the men involved in stealing approximately 42 steak dinners from a Northeast Airlines plane. An investigation was undertaken by Sgt. Hammond of the Metropolitan Dade County Police Department. Sgt. Hammond worked closely with the investigative personnel of Northeast Airlines. Two men who were suspected, along with Stamatinos, resigned from Northeast Airlines employment and at the direction of Northeast Airline officials Sgt. Hammond filed no complaints against them. He did, however, file a complaint against Stamatinos before a justice of the peace. After the hearing the justice of the peace dismissed the charges against Stama-tinos. Immediately after the justice of the peace hearing, Hammond was driven by Northeast Airlines officials directly to the state’s attorney’s office where Hammond alone signed an affidavit before an assistant state’s attorney as a basis for the state’s prosecution of Stamatinos for larceny. On the day of the trial, the state’s attorney entered a nolle prosequi to the charge.
The controlling question is whether it conclusively appears that there is no genuine issue of material fact upon appellant’s allegations that the charges against him were commenced, were continued or were *54 instigated by the defendant Northeast Airlines. See Hopke v. O’Byrne, Fla.App.1963, 148 So.2d 755. We hold that the ap-pellee Northeast Airlines did not sustain its burden of establishing the non-existence of the genuine issue set forth. Holl v. Talcott, Fla.1966, 191 So.2d 40; Hurricane Boats Inc. v. Certified Indus. FAB Inc., Fla.App.1971, 246 So.2d 174.
It would serve no useful purpose to set forth all of the conflicting testimony which appears in the depositions and affidavits presented to the trial judge. It is sufficient to point out that there are depositions and affidavits in the record from which it could be found or inferred: (1) That there was a meeting held in Boston relative to the prosecution of Stamatinos where Northeast Airlines officials stated, "Northeast Airlines is taking action.” (2) Northeast Airlines requested that Sgt. Hammond discontinue the case against the two who resigned but made no such request as to Stamatinos who did not resign and resisted suggestions that he do so. (3) A Northeast Airlines official drove Sgt. Hammond from the justice of the peace’s office to the state’s attorney’s office for the purpose of continuing the prosecution of the charge. (4) Sgt. Hammond’s report states that the “victim” will prefer charges. (5) Sgt. Hammond testified that the reason for not continuing the prosecution of other persons was that he was not forced to prosecute these defendants. (6) The president of Northeast Airlines stated that the company did not wish to involve itself in criminal matters.
We hold that the affidavits and depositions did not present matters of fact sufficient to demonstrate without issue that it was Sgt. Hammond, the person signing the affidavit before the prosecuting officer, who instituted and continued the proceedings.
Accordingly, the summary final judgment is reversed and this cause is remanded for further proceedings.
Reversed and remanded.