314 So.2d 616 (1975)
Bernard B. WEKSLER, Petitioner,
v.
Constantinos STAMATINOS et al., Respondents.
No. 74-1741.
District Court of Appeal of Florida, Third District.
June 24, 1975.
*617 Aronovitz & Weksler, Miami, for petitioner.
Pettigrew & Bailey, Stephens, Magill, Thornton & Sevier, Miami, for respondents.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
This is a common law certiorari proceeding, in which we are called upon to review an order of the trial court directing the disbursement of the settlement proceeds to various attorneys and the plaintiff.
The action was commenced in the trial court by the filing of a complaint for malicious prosecution. Counsel for the plaintiff at the inception of the law suit was Bernard Weksler. Subsequently, the plaintiff suffered an adverse final summary judgment and while this was on appellate review Mr. Weksler was, in effect, discharged as attorney for the plaintiff and, in lieu thereof, the firm of Pettigrew & Bailey took over the prosecution of the appeal. During the pendency of the appeal, counsel for the respective parties entered into a stipulation or agreed order establishing a lien in Mr. Weksler's favor. Said stipulation read in part as follows:
* * * * * *
"It is further Ordered and ADJUDGED that the attorneys in this cause shall keep said BERNARD B. WEKSLER fully apprised of all settlement negotiations, if any. No settlement shall be made without an Order of this Court."
* * * * * *
The final summary judgment was reversed by an opinion of this court, reported as Stamatinos v. Northeast Airlines, Inc., Fla.App. 1972, 258 So.2d 52. Thereafter, the matter came on for trial on the malicious prosecution claim before a jury. During the seventh day of the trial [against the recommendation of Mr. Bailey, who was conducting the trial proceedings for the plaintiff], the plaintiff accepted a settlement of $50,000.00 and a letter of apology.
The matter then recurred before the trial judge in regard to Mr. Weksler's lien and the amount of attorney fees that would be due the respective counsel for the plaintiff. There was some contention that Mr. Weksler had agreed with the plaintiff to accept one-third of the gross recovery in settlement of all attorney fees that might be due him [including fees for services not rendered in the instant civil action], and Pettigrew & Bailey had expected to receive a one-third fee for their services. Pettigrew & Bailey brought it to the attention of the court they felt that if both counsel were to be compensated for one-third of the recovery [or two-thirds of the entire settlement] that this would be an unconscionable amount. The trial court attempted to mediate the dispute between *618 the lawyers and ultimately entered the order under review awarding $12,500.00 to Weksler, $15,000.00 to Pettigrew & Bailey, with the balance remitted to the plaintiff. Mr. Weksler, at all times, objected to the proceedings and contended that he was entitled to one-third of the settlement or at least to have his fee determined on the quantum meruit basis, and that his lien should not be extinguished upon the settlement proceedings by the disbursement of same until his fee was actually determined. He has filed a common law petition for certiorari to test the validity of the trial court's order disbursing the funds.
Certiorari is not an appropriate remedy for the petitioner to utilize to test the trial court's order. See: Hastings v. Osius, Fla. 1958, 104 So.2d 21. However, pursuant to the holding in State v. Johnson, Fla. 1974, 306 So.2d 102 and Art. V, § 2(a), Constitution of the State of Florida, we shall determine the cause on the merits.
It would have been better for all parties concerned if the fee dispute could have been resolved by the trial judge. However, without the amount being fixed in the agreed order and with the parties in dispute as to the amount due Mr. Weksler, the trial judge was without authority to adjudicate the amount of the fee in the manner in which he proceeded. The most he should have done would be to preserve Mr. Weksler's lien in the proceedings then before him, with leave for Mr. Weksler to forthwith institute the appropriate independent proceedings to determine the amount of the fee he contended to be due him, either upon an express agreement or upon quantum meruit. Chaachou v. Chaachou, Fla.App. 1960, 122 So.2d 24; Kurzweil v. Simon, Fla.App. 1967, 204 So.2d 254.
At this posture of the cause, we are faced with the fact that the funds have now been disbursed [although Mr. Weksler has held his in an account pursuant to order of the trial court, without prejudice to his rights in these proceedings] and, in an attempt to do justice between the parties, we hereby reverse the order under review with directions to the petitioner, Bernard Weksler, to deposit in the registry of the court in the malicious prosecution action the $12,500.00 he received as a result of the reversed order; that Pettigrew & Bailey deposit in the registry of the court in the malicious prosecution action the $15,000.00 they received pursuant to the reversed order; and that the plaintiff be directed to deposit in the registry of the court the balance of the proceeds of the settlement which he received pursuant to the reversed order. That, said proceeds shall be held by the trial court pending a determination in an independent action on the amount of fees which should be accorded to Mr. Weksler for services rendered in prosecuting the civil action for malicious prosecution; any fees due for other services are not the subject matter of the lien. That, in the event plaintiff is unable to deposit the full amount received as his share of the settlement proceeds, no order to secure same or judgment and execution shall be entertained by the trial court until such time as Mr. Weksler has sustained his right to a fee and the amount thereof in an independent action. And, only in the event his recovery is greater than the $27,500.00, represented by the deposits by Weksler and by Pettigrew & Bailey, should any action be taken to collect against the plaintiff.
At the conclusion of Mr. Weksler's independent action, the trial court in the malicious prosecution matter shall distribute the funds deposited [as above directed] as he deems appropriate under the circumstances, taking into account a judgment [if any] in Mr. Weksler's favor in said independent action. This opinion is, of course, without prejudice to any rights that Pettigrew & Bailey may have to a fee from the original plaintiff.
Reversed and remanded, with directions.
*619 PEARSON, Judge (dissenting).
I disagree only as to the remedy required by the reversal. I would affirm that portion of the order appealed from which limited attorneys' fees to $27,500 to both attorneys, and would hold that in a case where an attorney's lien is to be enforced, the court may set the total allowable fee upon a quantum meruit basis and reserve distribution until the amount of the lien is determined. In this regard, it should be noted that an "... attorney's lien upon a fund recovered will be protected as long as it remains in the custody or control of the court." See 3 Fla.Jur. Attorneys at Law § 80 (1955), and cases cited thereat. It appears to me that at this point in time such "custody or control" of the fund had been lost.