327 So.2d 240 (1976)
Lloyd HEROLD, P.A., Appellant,
v.
Patricia Ann HUNT and James S. Hunt, Jr., Appellees.
No. 75-241.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
Rehearing Denied March 17, 1976.
Lloyd Herold and Evan I. Fetterman, North Palm Beach, for appellant.
H.T. Maloney, Patterson, Maloney & Shankweiler, Fort Lauderdale, for appellee-James S. Hunt, Jr.
OWEN, Judge.
Appellant, a professional association of lawyers, represented the wife (appellee-Patricia Ann Hunt) in a suit for dissolution of marriage and now seeks review of a postjudgment order assessing the wife's attorney's fees against the former husband (appellee-James S. Hunt, Jr.).
Mrs. Hunt filed suit for dissolution of marriage in the Circuit Court of Broward County. Thereafter, she discharged her attorneys and employed appellant to replace them. The terms of appellant's employment were embodied in a written Services Agreement which, while providing that appellant would be paid "reasonable compensation" for its services, also expressly provided that Mrs. Hunt's obligation to the appellant to pay for services was her direct, personal obligation and was not in any way dependent upon or to be measured by any amount which the court might see fit to award her from her husband.
In due course the final judgment was entered dissolving the marriage, the court retaining jurisdiction to assess the wife's attorney's fees and costs against the husband. Prior to hearing on that matter, Mrs. Hunt discharged appellant as her counsel. Promptly upon being discharged, appellant filed in the Circuit Court of Palm Beach County an independent suit against Mrs. Hunt seeking judgment for the amount appellant alleged was due it for services rendered pursuant to the employment *241 agreement. In connection with that suit, appellant placed in the registry of the Circuit Court of Palm Beach County certain personal property belonging to Mrs. Hunt against which appellant claimed a retaining lien.
After appellant filed the independent suit in Palm Beach County, a hearing was held in the instant case on Mrs. Hunt's motion to assess attorney's fees. On the basis of appellant's testimony as to the extent of the services rendered to Mrs. Hunt, both husband and wife presented expert opinion testimony as to the reasonable value of such services. At the conclusion of the hearing, the court announced that the husband should pay to the wife's attorneys the sum of $30,000 to be in addition to the $5,000 theretofore paid appellant by the wife. Some three weeks later a formal written order was entered and it is the specific language of that order which has precipitated this appeal.
The appealed order found that the reasonable value of the services rendered by appellant in representing the wife was $35,000, of which $30,000 was to be paid by the husband to the wife to compensate appellant for legal services in this case. The order also directed the wife to pay to appellant the said sum of $30,000 "which has been determined herein to be the balance due [appellant] for attorney's fees for ... services in this case, [said sum to be paid] at such time as said law firm tenders to the wife the property retained by said law firm under claim of retaining lien for services in this case." (e.s.) Appellant, which is not claiming a charging lien, was permitted to intervene for the purpose of appealing this order.
Appellant's first point is that in an action for dissolution of marriage the court is empowered to determine the amount of attorney's fees, if any, payable by one party to the other, but has no power or jurisdiction to determine the fees due from a party to his or her own attorney, particularly under a separate employment agreement. Appellant cites as authority for its position the cases of Chaachou v. Chaachou, 122 So.2d 24 (Fla.App.3rd, 1960) and Cristiani v. Cristiani, 114 So.2d 726 (Fla.App.2nd, 1959). Mrs. Hunt, although directly affected by our decision on this point, has not filed a brief. Mr. Hunt, whose obligation under the appealed order will necessarily remain unaffected by our decision on this appeal, has filed a brief in which he agrees that appellant's statement of this point is a correct statement of the law, but then in effect inconsistently contends (without citation to any authority) that the trial court's determination of the reasonable value of appellant's services becomes res judicata on that same issue between appellant and Mrs. Hunt. We hold, on the authority of the Chaachou and Cristiani cases, supra, that in an action for dissolution of marriage the court's authority to award attorney's fees is in reference to determining the amount of attorney's fees, if any, payable by one party to the other (or the other's attorney), and that in such action the court has no power or jurisdiction to determine the fees due from a party to his or her own attorney, absent a claim of a charging lien. The order appealed is therefore modified consistent with the views herein.
Appellant's second point is that it was error for the court to condition payment of fees to appellant upon a return by appellant of personal property owned by Mrs. Hunt. We conclude that this condition was a proper one to be imposed. Appellant's retaining lien on such personal property (if it now exists) is a mere possessory lien as security for the amount due appellant by its former client, appellee-wife. 3 Fla.Jur., Attorneys at Law, § 70 (1955). It would be inequitable to require the appellee-wife to pay appellant the $30,000 without requiring appellant to tender to appellee-wife her property. The order does not deprive appellant of its option to forego payment from appellee-wife until final disposition of the pending suit in Palm Beach County. In fact, this aspect *242 of the order is actually for the protection of appellant who, though not absolutely required to tender the personal property to the wife, may at its option do so and thereby be assured of prompt payment of the $30,000. The order simply and wisely does not allow appellant to have the best of both worlds.
As herein modified, the order is affirmed.
CROSS and MAGER, JJ., concur.