330 So.2d 38 (1976)
Frank E. KUCERA, Appellant,
v.
Jane H. KUCERA, Appellee.
No. 75-1005.
District Court of Appeal of Florida, Fourth District.
March 26, 1976.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellant.
Philip J. Gouze, Law Offices of James P. O'Flarity, Palm Beach, for appellee.
PER CURIAM.
Upon due consideration of the briefs and the circumstances reflected in the record on appeal we are of the opinion that the trial court erred in entering its order disbursing attorney's fees to the appellant-husband's additional counsel.
Appellant had previously deposited certain monies with his original counsel of record during the pendency of dissolution proceedings. As it appeared that original counsel was to be called as a witness at the final hearing appellant found it necessary to secure additional counsel. Subsequently, additional counsel filed a motion for relief of counsel and attorney's fees. Pursuant thereto the trial court entered an order adjudicating the amount of the attorney's fees and directing that such fees be paid from funds held by appellant's original counsel.
According to the established case law in Florida, absent a claim of a charging lien a lawyer's disputed claim for fees must be prosecuted in a separate action at law. Cristiani v. Cristiani, 114 So.2d 726 (Fla. App.2d 1959); Chaachou v. Chaachou, 122 So.2d 24 (Fla.App.3d 1960); Worley v. Phillips, 264 So.2d 42 (Fla.App.2d 1972); Weksler v. Stamatinos, 314 So.2d 616 (Fla. App.3d 1975); see also 3 Fla.Jur., Attorneys *39 at Law, § 69, et seq. Moreover, even where a charging lien is involved, in the absence of statute or contract providing otherwise, the lien attaches to the proceeds of a judgment or settlement or to any funds recovered by an attorney for his client so that disbursement is contingent upon such circumstances. 3 Fla.Jur., supra, §§ 76, 77.
Accordingly, the order disbursing attorney's fees is vacated and set aside and the cause remanded for such other proceedings as are consistent herewith.
WALDEN, C.J., and CROSS and MAGER, JJ., concur.