370 So.2d 1188 (1979)
Martha S. CONROY, Appellant,
v.
Andrew Jackson CONROY, Appellee.
No. 78-762.
District Court of Appeal of Florida, Second District.
April 11, 1979.
Rehearing Denied May 14, 1979.
*1189 J. Russell Hornsby, Orlando, for appellant.
R. Philip Haddock, Lakeland, for appellee.
SCHEB, Judge.
The wife challenges those parts of the trial court's judgment of dissolution of marriage in which the court dealt with alimony, disposition of property, and the award of attorney's fees. After careful review, we have concluded the court erred only in its award of attorney's fees.
In her counterpetition for dissolution, the wife alleged that she needed funds to employ an attorney and requested that the court order her husband to pay her lawyer a reasonable fee. At the final hearing, her counsel presented an expert witness who testified that a reasonable fee would be not less than $15,000 nor more than $20,000. The husband did not contest the reasonableness of this amount but argued that he should not be responsible for his wife's fees. The court agreed with the husband's position, and ordered each party to pay his own attorney's fees. Further, in Paragraph 4 of the judgment the court ordered:
[T]hat a fair and reasonable fee to the attorneys for the Wife in this cause will be the sum of Sixteen Thousand and No/100 Dollars ($16,000.00) for which, pursuant to this Order, the Wife will be financially responsible for payment.
It is with this provision that we find fault.
The rule in this state is quite clear that in dissolution proceedings, as in other actions, the trial court has no authority, absent a claim for a charging lien, to enter an order or judgment requiring a party to pay his or her attorney for representation during that proceeding. Cristiani v. Cristiani, 114 So.2d 726 (Fla. 2d DCA 1959); Kucera v. Kucera, 330 So.2d 38 (Fla. 4th DCA 1976); Chaachou v. Chaachou, 122 So.2d 24 (Fla. 3d DCA 1960). The reasons for this rule become obvious in a case such as the present one where a litigant finds herself in an adversarial relationship with her own counsel concerning his fee and thus is deprived of her right to due process in the determination of that fee. Consequently, there having been no claim for a charging lien at the time the court entered its judgment, the trial court was without authority to order the wife to pay her attorney a $16,000 fee.[1]
We vacate Paragraph 4 of the court's judgment which we quoted above. We affirm the judgment in all other respects.
HOBSON, Acting C.J., and BOARDMAN, J., concur.
NOTES
[1] We note that subsequent to the entry of judgment appellant's counsel made a claim for a charging lien. Once our mandate goes down, they will of course be able to pursue this remedy or seek redress in a separate action. See Cristiani v. Cristiani, supra; Weksler v. Stamatinos, 314 So.2d 616 (Fla. 3d DCA 1975), cert. den. 336 So.2d 108 (Fla. 1976); Kurzweil v. Simon, 204 So.2d 254 (Fla. 3d DCA 1967).