386 So.2d 1277 (1980)
BARRANCO, DARLSON, DANIEL & BLUESTEIN, P.A., Appellant,
v.
Linda G. WINNER et al., Appellees.
Nos. 79-1445, 79-1586 and 79-1855.
District Court of Appeal of Florida, Third District.
August 5, 1980.
Rehearing Denied September 19, 1980.
*1278 Barranco, Darlson, Daniel & Bluestein and Steven Kellough, Woodrow "Mac" Melvin, Jr., Miami, for appellant.
Koeppel, Stack & Newmark and Robert A. Gellman and Robert L. Koeppel, Miami, for appellees.
Before HENDRY and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
BASKIN, Judge.
We are asked to decide whether in a separate action an attorney may seek recovery of legal fees pursuant to a contract with the wife when the trial court has ordered the husband to pay the fees of the wife's attorney as part of a dissolution award.
Appellee Linda Winner retained the law firm of Barranco, Darlson, Daniel & Bluestein, P.A. [Barranco] to represent her in a dissolution proceeding. Under the terms of a "fee and cost arrangement," she agreed to pay the Barranco firm $100.00 per hour for legal services in addition to costs.
The dissolution proceeding culminated in a final judgment in which the trial court awarded Linda Winner, among other things, a diamond collection valued at $16,000. The judgment also ordered each party to bear the cost of his or her own attorney.
Barranco then sent Linda Winner its initial bill for legal services pursuant to the agreement, and, in lieu of payment, she assigned her interest in the diamond collection to the law firm. Barranco also sought a promissory note from Linda Winner along with an assignment of her interest in the lump sum alimony awarded in the final judgment of dissolution. Mrs. Winner refused to execute either document and retained new counsel to represent her in the dispute with her former counsel. Eventually, Barranco filed suit against Mrs. Winner, seeking recovery under the contract for fees in the undisputed amount of $12,500. Barranco also obtained permission to intervene in the dissolution proceeding to protect its interest in the diamond collection.
In the meantime, Mr. Winner had appealed the final judgment of dissolution while Mrs. Winner had cross-appealed claiming error in the disallowance of attorney's fees. In Winner v. Winner, 370 So.2d 845 (Fla. 3d DCA 1979), this court reversed portions of the final judgment, including the award of the diamond collection. The cause was then remanded for reconsideration of the award of alimony and the disallowance of attorney's fees. Upon Linda Winner's motion, the separate action on the contract for fees was consolidated with the continuing dissolution proceeding.
Following a hearing during which Barranco presented expert testimony concerning the amount of a reasonable fee, the trial court awarded attorney's fees of $12,500 to be paid by Mr. Winner directly to the Barranco firm. § 61.16, Fla. Stat. (1977). Approximately two weeks later, "pursuant to the authority vested in it by Section 61.13, Florida Statutes (1978), general equitable principles, and in consideration of the attorneys [sic] fee award rendered ... [in the dissolution proceeding]," the trial court determined that it had the discretion to deny Barranco any relief in its contract action against Linda Winner. The trial court then entered a final judgment and an amended final judgment in favor of Linda *1279 Winner in the contract action. An "order on mandate" was entered in the dissolution proceeding, which, among other things, confirmed and ratified the prior award of fees. Barranco appealed each of these rulings.
The award of attorney's fees by the court serves to place parties in a dissolution proceeding on an equal footing to enable both parties to secure competent counsel. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The determination of attorney's fees is an adjudication of the obligations between the spouses and is "payable by one spouse to the other as an indemnity for fees reasonably contracted for and incurred ...." Valparaiso Bank & Trust Co. v. Sims, 343 So.2d 967, 971 (Fla. 1st DCA 1977). In a dissolution proceeding, the trial court has no power or jurisdiction to determine the amount due from a party to his or her own attorney absent a claim of a charging lien. Herold v. Hunt, 327 So.2d 240 (Fla. 4th DCA 1976). The determination of the rights of an attorney under his contract with his client remains to be tried in a separate action at law. Cristiani v. Cristiani, 114 So.2d 726 (Fla. 2d DCA 1959).
The trial court denied Barranco relief on the firm's contract under equitable principles because the court had awarded fees against Mr. Winner in the dissolution proceeding. Fees awarded against a husband are fees of indemnification only, Valparaiso, supra, and the award determines only the obligation between a husband and wife. The action at law between the wife and her attorney, although consolidated with the dissolution proceeding for trial, presented questions relating to contract rights which remained to be determined apart from the trial court's resolution of the equities between the husband and wife.
For the foregoing reasons, we reverse the final judgment and the amended final judgment entered in favor of the wife and remand for further proceedings in accordance with this opinion.