393 So.2d 1169 (1981)
Bart M. BEHAR, Appellant,
v.
Beverly ROOT, F/K/a Beverly A. Goldstein, Appellee.
No. 80-155.
District Court of Appeal of Florida, Third District.
February 10, 1981.
John H. Lipinski, Miami, for appellant.
No appearance for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Behar, an attorney, appeals a final judgment non obstante veredicto entered in favor of his former client after a jury had awarded him $1,875 as attorney's fees and costs. Finding that the entry of the judgment n.o.v. was error, we reverse with directions to reinstate the verdict and enter judgment in favor of the appellant.
Ms. Root retained Behar to represent her in a dissolution of marriage proceeding and *1170 entered into a written contract with him for the agreed fee of $2,500 plus costs. The agreement expressly provided:
It is understood that attempts will be made to have my spouse pay said legal fees, but, in any event I will be responsible for the payment thereof.
Behar negotiated a property settlement agreement on behalf of his client with opposing counsel. Ms. Root then discharged Behar. Utilizing the product of her attorney's labor, Ms. Root ultimately entered into a written agreement with her husband which substantially incorporated the terms in the agreement Behar had negotiated except that it provided that each spouse would bear his or her own attorney's fees. Prior to final hearing in the dissolution proceeding, Behar filed a written motion to assess fees which the trial court properly refused to hear in that a trial court, in a dissolution proceeding, has no jurisdiction to determine the amount due by a party to an attorney absent a charging lien. Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, 386 So.2d 1277 (Fla. 3d DCA 1980); Herold, P.A. v. Hunt, 327 So.2d 240 (Fla. 4th DCA 1976). The determination of rights of an attorney under his contract with a client is a matter to be tried in a separate action at law. Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, supra; Cristiani v. Cristiani, 114 So.2d 726 (Fla. 2d DCA 1959).
Behar then commenced this action for breach of contract and quantum meruit. After the jury returned a verdict favorable to Behar, the trial court, on its own initiative, entered a motion for directed verdict on behalf of Ms. Root, who had represented herself at trial.
If the trial court entered the judgment n.o.v. because it was of the view that Behar had failed to perform conditions precedent in failing to pursue the client's former husband, it was in error. Ms. Root, having agreed to bear her own attorney's fees, by way of stipulation, which was incorporated in the final judgment of dissolution, obviated the requirement that her former attorney pursue her former husband under the doctrine of frustration of purpose. 11 Fla.Jur.2d Contracts §§ 211, 212.
If the trial court was of the view that Behar's testimony, standing alone, was insufficient to support the award, Flournoy v. Smith, 84 Fla. 553, 94 So. 503 (1922); Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA), cert. denied, 172 So.2d 601 (Fla. 1964), it was nonetheless in error. At trial, the agreement between Behar and his former client was properly admitted into evidence as to the value of the agreed fee. Moreover, it was admissible in evidence under a quantum meruit theory. Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928). Since the agreed fee was $2,500 and the jury verdict included costs and fees in the sum of $1,875, it is apparent that the jury did compensate Behar on a quantum meruit basis.
Upon discharge without cause, an attorney employed for a specified purpose at a definite fee who substantially carries out his agreement is entitled to receive the agreed fee. However, he may, in the alternative, seek recovery on a quantum meruit basis for the services rendered up to the date of discharge. Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538 (1938); Levin v. Rosenberg, 372 So.2d 956 (Fla. 3d DCA 1979). In any event, he cannot recover more for services than the maximum fee agreed upon. Hazen v. Cobb, supra; Levin v. Rosenberg, supra.
A trial court is not authorized to grant a judgment in accordance with a motion for directed verdict if there is any evidence or reasonable inference to support the opposing position. Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968); Wilson v. Tanner, 346 So.2d 1077 (Fla. 1st DCA 1977).
For the foregoing reasons, we find that the trial court erroneously entered a judgment non obstante veredicto or a judgment in accordance with the motion for directed verdict. Consequently, the judgment is reversed and remanded for reinstatement of the verdict and entry of the judgment on behalf of Behar.
Reversed and remanded.