489 So.2d 1242 (1986)
Christina R. PAPPAS, Appellant/Cross-Appellee,
v.
George N. PAPPAS, Appellee/Cross-Appellant.
Nos. 85-1085, 85-2224.
District Court of Appeal of Florida, Third District.
June 24, 1986.
Buchbinder & Elegant and Ira M. Elegant and Carolina A. Echarte, Miami, for appellant/cross-appellee.
Brian R. Hersh, Miami, for appellee/cross-appellant.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
Christina Pappas contends that the distribution of assets and awards of alimony and fees were inequitable in this dissolution of marriage case and require reversal. Finding merit in only the last of her contentions, we reverse the court's order of fees and costs but affirm the order in all other respects.
After reviewing the disputed facts over the assets of the parties, the life-style maintained, and the subsequent positions of the parties, we conclude that persons of reasonable minds could differ in the result. Also, mathematical exactness of equality is not required in the distribution order. Therefore, the trial court did not abuse its discretion and we must sustain the order. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977).
Mr. Pappas contends that he should not have to pay any fees or costs for his wife. However, the record indicates that Mr. Pappas is in a superior financial position. Though Christina is not unable to pay her fees and costs, because of Mr. Pappas's *1243 superior financial ability, the court should have ordered that he pay all of his ex-wife's attorney's fees and costs. Canakaris, 382 So.2d at 1205; Kane v. Kane, 469 So.2d 933 (Fla. 3d DCA 1985).
Accordingly, the order is affirmed in part and reversed in part, requiring the court to enter an award against Mr. Pappas for fees and costs.