490 So.2d 245 (1986)
Daniel Neal HELLER, Appellant/Cross-Appellee,
v.
Kristina KUVIN, Appellee, and
Lawrence Kuvin, Appellee/Cross-Appellant.
Nos. 84-2721, 85-1867, 85-1868 and 85-2080.
District Court of Appeal of Florida, Third District.
July 1, 1986.
Heller and Kaplan and Daniel Neal Heller, Lisa Heller Greene, Miami, for appellant/cross-appellee.
No appearance for appellee Kristina Kuvin.
R. James Pelstring, Betty Kessler, Miami, for appellee/cross-appellant Lawrence Kuvin.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
PER CURIAM.
Appellant, former attorney for the petitioner/wife Kristina Kuvin in the trial court, appeals several orders relative to attorney's fees entered in post-judgment proceedings in a dissolution of marriage action. Appellee/husband Lawrence Kuvin has cross-appealed.
Mr. and Mrs. Kuvin's marriage was dissolved in May, 1981 and custody of the minor children was awarded to the wife. The husband was ordered to make certain payments to the wife and partition and sale of the marital home was ordered. The trial court reserved jurisdiction to determine the issue of wife's attorney's fees and costs. The matter was brought on for hearing upon appellant/former attorney's motion and affidavit for attorney's fees and costs *246 on November 1, 1984.[1] The court determined that a reasonable fee for the wife's attorney was $14,000, plus costs of $1,152.84. A ruling as to which party was responsible for payment of the wife's attorney's fees was reserved. Subsequently, the court entered an order requiring the husband to pay $8,000 of the $14,000 amount it had found as a reasonable fee for the wife's attorney. After denying a motion for rehearing, the court also ordered the husband to pay the wife's costs of $1,152.84.[2]
Appellant/former attorney appeals the orders determining a reasonable fee for the wife's attorney, and determining the portion of such fee for which the husband was responsible. The husband cross-appeals the order requiring him to pay a certain portion of the wife's attorney's fees. The appeals were consolidated by order of this court.
We agree with appellant's contention that the trial court erred by failing to require that the husband pay all of the amount the court had determined to be a reasonable fee for the wife's former attorney. While the record demonstrates that both parties have sufficient funds to pay the wife's legal fees and costs, it is also apparent that the husband's ability to pay these fees is superior to that of the wife. The wife earns $400 per week as a legal secretary and has assets totalling $135,000. The husband, a lawyer, has an annual income of from $85,000 to as much as $167,000 and assets of $138,000. "It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees." Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980). In view of the husband's superior ability to pay, we think, and so hold, that the trial court abused its discretion in requiring that the husband pay only $8,000, rather than the entire $14,000, for the wife's attorney's fees. Canakaris v. Canakaris, 382 So.2d at 1205; Pappas v. Pappas, 489 So.2d 1242 (Fla. 3d DCA 1986); Kane v. Kane, 469 So.2d 933 (Fla. 3d DCA 1985); Bryan v. Bryan, 442 So.2d 362 (Fla. 1st DCA 1983), review denied, 450 So.2d 485 (Fla. 1984). Accordingly, we reverse and remand with directions to order the husband to pay $14,000 for the wife's attorney's fees.[3]
We further conclude that the trial court was not authorized to, as appellant contends, adjudicate (in effect, by subtraction) what the wife owed her former attorney. Insofar as the subject orders purport to rule on this question, we reverse. As this court has previously stated:
the determination of attorneys' fees in a dissolution proceeding is not a determination by the court of the amount due from a party to an attorney absent a charging lien. Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981); Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, 386 So.2d 1277 (Fla. 3d DCA 1980); Herold, P.A. v. Hunt, 327 So.2d 240 (Fla. 4th DCA 1976). The court decides only the amount by which one spouse indemnifies the other spouse. The attorneys retain the right to sue in an independent action on a contract with their client. Behar v. Root, supra; Barranco, Darlson, Daniel & Bluestein, PA. v. Winner, supra.

Knott v. Knott, 395 So.2d 1196, 1198 (Fla. 3d DCA), review denied, 411 So.2d 383 (Fla. 1981).
For the reasons stated we reverse the orders appealed requiring the husband to pay only a portion of the wife's attorney's fees, and purporting to establish the fee to be paid by the wife, and remand with directions to enter judgment against the husband *247 for the entire $14,000 amount, in addition to the costs of $1,152.84 previously imposed by the trial court.
Reversed and remanded, with directions.
NOTES
[1] Appellate proceedings relative to the final judgment of dissolution were ongoing in the interim. Kuvin v. Kuvin, 412 So.2d 900 (Fla. 3d DCA 1982), revs'd, Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983).
[2] The ruling as to costs is not challenged on appeal or cross-appeal.
[3] In so holding, we reject cross-appellant/husband's contention that the wife should have been required to pay all of the $14,000 attorney's fee.