HERSEY, Chief Judge.
Fitzgerald Brereton retained the services of attorney Gary K. Silber to represent him in seeking damages for injuries sustained in a motor vehicle accident. Appellees were defendants in the litigation commenced by Silber. In the course of negotiations for settlement of Brereton’s claim, Silber drafted and signed a stipulation for settlement. The insurer for appellee, Clew-iston, agreed to pay $775,000 for a complete release from Brereton.
Although Silber was under the impression that he had express authority to settle upon the terms contained in the stipulation, Brereton ultimately refused to proceed with the settlement. Silber thereupon filed a motion to determine whether settlement had been reached. Brereton discharged Silber and retained another attorney who then filed a motion to set aside the stipulation. After notice and hearing, the court confirmed the settlement and refused to set. aside the stipulation. An attorney representing the defendants was present at the hearing but no defendant or insurer joined in Silber’s motion to determine settlement.
The issue presented on appeal is whether the attorney for a party has standing to seek confirmation and enforcement of a settlement against the express wishes of his client. We think he clearly does not.
Appellee relies upon the case of Ryder v. MacKenzie, 235 So.2d 36 (Fla. 3d DCA), cert. denied, 239 So.2d 102 (Fla.1970), to support his standing to compel settlement. The issue in that case, however, was quite different. The court simply held that, after a settlement had been reached in open court, an attorney who was subsequently discharged by his client had standing to seek an order from the court requiring that the settlement funds be paid into the court registry and establishing a lien on the funds as security for the payment of his fee for services rendered. That is not the case here. Silber’s right to a lien is not contested. It is his standing to force a settlement upon his own (prior) client that is at issue.
Silber argues that he nevertheless has a sufficient interest in the settlement to confer standing based upon two additional factors. First, confirmation of the settlement would vindicate his credibility with the insurance company to which he had expressly represented that he had authority to settle. Second, unless the settlement is confirmed he fears that his former client will file a grievance against him for settling without authority. While both concerns may be legitimate, neither impacts upon the issue of standing. Silber was neither a party to the agreement nor a third-party beneficiary of it. Accordingly, he had no standing to enforce the stipulation for settlement. His motion to that end could not create a justiciable issue.
We therefore reverse the order determining that settlement has been reached, vacate the order denying Brereton’s motion to set aside the stipulation for settlement, and remand for subsequent, appropriate proceedings.
REVERSED.
ANSTEAD and DELL, JJ., concur.