FERGUSON, Judge.
This appeal by the wife and cross-appeal of the husband are from a final judgment of dissolution of marriage. Two of the wife’s points on appeal have merit: (1) the court abused its discretion in denying her an award of alimony; and (2) the husband should have been required to pay medical expenses incurred by her during the course of the marriage. On cross-appeal, the husband challenges the court’s award of attorney’s fees to the wife.
The parties were married in September, 1983. At the time of the marriage, Kathleen was recently divorced after twenty-three years of marriage. There was a condition in the decree dissolving her first marriage that she would lose her $1000 per month in alimony if she remarried. According to Kathleen’s uncontroverted testimony, she and Millard considered the fact that their marriage would cost her the $1000 per month in alimony, and he promised to provide for her in the event the marriage failed.
Millard, by admission, has the ability to pay a reasonable alimony award. During the marriage, he was an airline pilot earning approximately $8600 per month. In addition to being the beneficiary of a substantial trust, Millard also admits to having a net worth of at least $320,000. Shortly after the marriage he made a down payment and commenced monthly payments toward the purchase of a $250,000 lot in Coral Gables, Florida. In sharp contrast, Kathleen is a high school dropout, with no marketable skills, who obtained a high school equivalency diploma in 1982. While married she had knee surgery, and she may require additional knee surgery as well as an eye operation. During the same period, she was enrolled in a typing course but dropped out for health reasons.
Millard contends that there is no basis for an award of alimony or medical expenses. We disagree and reverse. As to the wife’s medical problems, he argues that they arose and existed prior to the marriage and are, therefore, her medical expenses and not his responsibility.
Although the forfeiture of alimony on remarriage does not guarantee that the new spouse will restore that benefit in the event the subsequent marriage is terminated, it is an equitable factor for the court to consider in awarding alimony. § 61.08, Fla.Stat. (1985). See Duttenhofer v. Duttenhofer, 474 So.2d 251 (Fla. 3d DCA 1985) (Baskin, J., concurring specially) (Hendry, J. dissenting), review denied, 482 So.2d 348 (Fla.1986);[1] see also East v. East, 351 So.2d 1060 (Fla. 4th DCA 1977) (alimony properly awarded where the former wife’s standard of living, both before and during the marriage, would otherwise be significantly reduced). On the facts of this case it was a clear abuse of discretion to deny an alimony award.
The undisputed evidence shows that Kathleen had a knee ailment which was treated surgically while she was married to Millard and that bills for the knee surgery remain unpaid. The only evidence adduced *329 by Millard to contradict Kathleen’s contention that the ailment arose during the marriage was his opinion that the condition was a slow, degenerative type which could have started years before. There was no evidence offered to contradict Kathleen’s claim that her neck and eye ailments arose during the marriage.
In determining a proper award of alimony, the court should consider all relevant economic factors, including the physical condition of each party. § 61.08. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980) (criteria for establishing need for purposes of determining alimony include the parties’ health).
The husband’s challenge to the award of attorney’s fees by cross-appeal is without merit. See Canakaris, 382 So.2d at 1205 (even though ex-wife may be able to pay her fees and costs, where former husband has superior financial ability, the court may order that he pay all of his ex-wife’s fees and costs); Heller v. Kuvin, 490 So.2d 245 (Fla. 3d DCA 1986) (same); Pappas v. Pappas, 489 So.2d 1242 (Fla. 3d DCA 1986) (same).
We reverse the judgment as to the two issues we have considered in the wife’s appeal, affirm as to the wife’s remaining point on appeal and the husband’s cross-appeal, and remand the cause to the trial court for further proceedings consistent with this opinion.

. The other members of the panel did not join in Judge Pearson’s view that a court may not consider a wife's forfeiture of benefits from a prior marriage in fashioning a proper award of alimony in a subsequent dissolution action.