PER CURIAM.
We hold that appellant Bettie Boyd, second wife of Daniel Boyd, Jr., lacks standing to challenge provisions of a 1975 judgment dissolving her deceased husband’s first marriage. Coltun v. Coltun, 167 So.2d 336 (Fla. 3d DCA 1964); see Gaylord v. Gaylord, 45 So.2d 507 (Fla.1950); deMarigny v. deMarigny, 43 So.2d 442 (Fla.1949). Cf. In Re Estate of Kant, 272 So.2d 153 (Fla.1972) (children of previous marriage had standing to attack collaterally divorce decree of putative widow of the children’s deceased father).
Affirmed.