BASKIN, Judge.
Attorneys Syna and Lachterman challenge the trial court’s order: dismissing with prejudice their petitions to determine necessity for appointment of a guardian ad litem, to enforce final judgment of dissolution of marriage, to award attorney’s fees, to receive instructions, and denying their motion to amend petition to determine necessity for appointment of a guardian ad litem, denying their motions to compel discovery, and granting the motion to quash subpoena.[1] We affirm.
Attorneys Syna and Lachterman were retained by Marion Lewen to pursue a post-dissolution action to enforce provisions of a final judgment of dissolution of marriage and to determine whether her former husband, Sol Lewen, had fraudulently caused her to quit-claim property held as tenants in common for a promissory note for an amount less than its value. Appellants sent a demand letter to the former husband. Shortly thereafter, Marion Lewen discharged, retained, then again discharged appellants. Subsequently, appellants filed myriad motions and petitions which culminated in the entry of the order under review. In a separate action instituted in the probate division of the circuit court, a judge appointed Beverly Parmet guardian for Marion; Beverly is the daughter of Sol and Marion. This appeal followed.
A trial court may appoint a guardian ad litem to represent a ward in litigation before it, §§ 744.102(2), (15), Fla. Stat. (1987); Fla.R.P. & G.P. 5.540(g); here, however, there was no action pending before the trial court when the petition to appoint a guardian was filed. The dissolution was entered in 1971. Furthermore, appellants do not have standing to file a petition to enforce the judgment entered in their former client’s 1971 dissolution-of-marriage proceeding; they have asserted no interest in the judgment which would entitle them to seek its enforcement. See Boyd v. Boyd, 509 So.2d 960 (Fla. 3d DCA 1987), and cited cases. Even assuming, for the sake of argument, that the various petitions and motions were filed on behalf of Marion Lewen, the court correctly dismissed petitions and motions filed by appellants. Appellants had been discharged and the guardian for Marion Lewen requested them to discontinue their efforts on her behalf. Thus, they were without authority to take further action. See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983); Brereton v. Clewiston Drainage Dist., 490 So.2d 1075 (Fla. 4th DCA 1986); Brasch v. Brasch, 109 So.2d 584 (Fla. 3d DCA), cause dismissed sub nom. High v. Brasch, 114 So.2d 796 (Fla.1959). Accordingly, we affirm the orders appealed.[2]
*757 This court’s affirmance is without prejudice to appellants filing an independent action against their former client to recover fees.[3] See Heller v. Kuvin, 490 So.2d 245 (Fla. 3d DCA 1986); Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981); Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, 386 So.2d 1277 (Fla. 3d DCA 1980); see also Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982). The trial court in that action may consider the necessity for appointing a guardian ad litem for Marion Lewen.
Affirmed.
NESBITT, J., concurs.

. Sol Lewen cross-appeals the trial court’s order denying his motion for attorney’s fees. We find no abuse of discretion in the denial of fees under section 57.105, Florida Statutes (1987).

. Appellants have asserted that Marion Lewen may have an action against Sol Lewen concerning the quit-claimed property and that a possible conflict of interest may have resulted in the guardian’s failure to pursue such action. Accordingly, appellants may apprise the probate division presently exercising jurisdiction over the court-appointed guardian of their disagreement with the guardian’s exercise of her fiduciary obligations. See §§ 744.474, .477; 731.-201(21), Fla.Stat. (1987). Rule 4-1.14(b), Florida Bar Rules of Professional Conduct, provides that a lawyer may take protective action with respect to a client when the lawyer reasonably believes the client cannot adequately act in the client’s own interest.

. Appellants may also pursue appropriate claims against the former husband in the same action.