PER CURIAM.
This is an appeal of a non-final order occasioned by a fight among successive attorneys for fees which they claim to be due each of them from a client whose claim has been settled as to one defendant. The trial court ordered all settlement proceeds held in an interest bearing account until the claim against the remaining defendant was resolved but later released $50,000 of the $750,000 settlement amount for the client’s benefit.
There is no question among the parties that the claimed fees are less than the $700,000 being held; it is equally evident that whatever occurs in the future as to the remaining defendant does not warrant the trial court’s freezing nearly all of the settlement proceeds which have been received. The practical effect of the trial court’s order is the same as the unilateral action taken by the attorneys in Adams, George, Lee, Schulte and Ward, P.A. v. Westinghouse Electric Corp., 597 F.2d 570 (5th Cir.1979).
We are aware of Weksler v. Stamatinos, 314 So.2d 616 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 108 (Fla.1976), which involved a settlement of $50,000 with two attorneys claiming most of the award. *617 Here, the settlement proceeds equal $750,-000 and the claims are substantially less. We find no authority, on these facts, to justify freezing all of the $700,000 remaining.
On remand the trial court is directed to determine the amounts needed to protect appellees’ claims and to release all sums above to appellant and his client in such respective percentages which it is also to determine.
GLICKSTEIN, C.J., and WARNER, J., concur.
LETTS, J., concurs in conclusion only.