984 So.2d 669 (2008)
Jacquelyn KLEIN-BROWN, Appellant,
v.
Bruce BROWN, Appellee.
No. 4D07-1998.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*670 Carmen A. Hellman and Leon N. Patricios of Zumpano Patricios & Winker, P.A., Coral Gables, for appellant.
No brief filed for appellee, Bruce Brown.
Cynthia L. Greene of the Law Offices of Greene, Smith & Associates, P.A., Miami, and Law Offices of Leinoff & Lemos, P.A., South Miami, for appellee, Leinoff & Lemos, P.A.
DAMOORGIAN, J.
This is an appeal of an order denying Ms. Klein-Brown's motion to set aside an order compelling arbitration over a fee dispute with her attorney in a dissolution of marriage action. We reverse because legal counsel should have pursued his fee claim in a separate lawsuit and served appellant with process.
The proceeding in the trial court began as a dissolution of marriage action between the appellant, Jacquelyn Klein-Brown, and her husband, Bruce Brown. During the divorce proceeding, Ms. Klein-Brown was represented by Leinoff & Lemos, P.A. and Andrew M. Leinoff. The terms of representation were set forth in a written retainer agreement which provided, inter alia, that "[a]ny controversy or claim arising out of or relating to this retainer agreement or the breach thereof or performance or breach of performance by Leinoff & Lemos, P.A., in their representation of you shall be settled through binding arbitration. . . ."
In June 2006, the trial court entered a final judgment of dissolution of marriage incorporating a settlement agreement that had been entered into between Ms. Klein-Brown and her former husband. Thereafter, Ms. Klein-Brown refused to pay her attorney from the settlement proceeds. Attorney Leinoff attempted to resolve the dispute with his client without success. Ms. Klein-Brown ceased communicating with her lawyer. Ultimately, attorney Leinoff filed a Motion to Compel Binding Arbitration in the dissolution of marriage case seeking to compel Ms. Klein-Brown to resolve the fee dispute through binding arbitration. The motion was mailed by certified mail and regular mail to Ms. Klein-Brown's last known address in Fort Lauderdale. A notice of the hearing was also mailed via regular and certified mail. It is undisputed that attorney Leinoff did not serve Ms. Klein-Brown with process in accordance with Sections 48.021(1), and 48.031, Florida Statutes (2007).
After the hearing, which Ms. Klein-Brown did not attend, the trial court entered an order compelling arbitration. Shortly thereafter, Ms. Klein-Brown retained legal counsel who filed a notice of appearance with the court and requested that the order not be entered. In December 2007, Ms. Klein-Brown filed a Motion to Set Aside the Order Compelling arbitration pursuant to Florida Rule of Civil Procedure 1.540 on the grounds of mistake or excusable neglect arguing that the order was void because she did not receive notice of the hearing, and the retainer agreement *671 was unconscionable. After conducting a hearing on the motion, the trial court denied the motion. The court found that Ms. Klein-Brown had received proper notice of the hearing because the notice had been mailed to her last known address and the return receipt was signed by her secretary. Lastly, the court found that the fee agreement was not unconscionable.
We previously held "that in an action for dissolution of marriage the court's authority to award attorney's fees is in reference to determining the amount of attorney's fees, if any, payable by one party to the other (or other's attorney), and that in such action the court has no power or jurisdiction to determine the fees due from a party to his or her attorney, absent a claim of a charging lien." Herold v. Hunt, 327 So.2d 240, 241 (Fla. 4th DCA 1976); see also Bencomo v. Bencomo, 195 So.2d 874 (Fla. 3d DCA 1967); Kucera v. Kucera, 330 So.2d 38 (Fla. 4th DCA 1976). In this case, no charging lien was filed and the issue of enforcement of the retainer agreement was not tried by consent. Therefore, attorney Leinoffs only avenue for redress was to file a separate lawsuit to enforce the retainer agreement and properly serve Ms. Klein-Brown with process. See Milio v. Leinoff and Silvers, P.A., 668 So.2d 1108 (Fla. 3d DCA 1996). Neither was done in this case.
Accordingly, we reverse and remand with instructions to vacate the order compelling arbitration. The reversal of this order is without prejudice to Leinoff & Lemos, P.A. to institute a new suit relevant to the fee dispute.
Reversed and Remanded.
SHAHOOD, C.J., and HAZOURI, J., concur.