# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0094
Lower Tribunal No. 20-5425
_____

**Barbara M. Morales,**
Appellant,

vs.

**Julio C. Morales and Bofill Law Group,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Nory Diaz, P.A., and Nory Diaz, for appellant.

Bofill Law Group, and Jose C. Bofill, for appellee, Bofill Law Group.

Before LOGUE, C.J., and LOBREE and BOKOR, JJ.

LOGUE, C.J.

Barbara M. Morales ("Wife") is appealing a final order granting her former counsel's motion for enforcement of a charging lien. We are

constrained to affirm because the record brought by the Wife is inadequate to demonstrate reversible error. We write, however, to explain why, as a matter of law, it was within the trial court's power to grant the Wife's counsel a charging lien in an amount exceeding the attorney's fees and costs previously awarded in the underlying divorce proceeding.

Following a final hearing on the dissolution of the marriage between the Wife and Jose C. Morales ("Husband"), the general magistrate awarded the Wife $32,818.18 in attorney's fees and costs, to be paid by the Husband.[1] The magistrate's report noted that while the Wife's counsel's hourly rate was reasonable given his experience, "there were hours billed that were excessive, duplicative, billed as a result of block billing, and otherwise clerical."

The Wife's counsel subsequently moved to enforce a charging lien. After hearing the motion, the trial court issued an Interim Order on Attorney's Motion to Enforce Charging Lien. The Interim Order noted there was no dispute that the Wife's counsel was entitled to the attorney's fees and costs awarded by the magistrate and ordered disbursement of the funds. The trial court found, however, that the remaining balance of attorney's fees and costs

---

[1] The Wife originally sought an award of attorney's fees and costs of $68,871.99.

was disputed and noted that the Wife objected to any award above the amount awarded by the magistrate because the magistrate's report found such fees to be excessive and unreasonable.

The trial court thereafter conducted a two-day trial on the enforcement of the charging lien, resulting in a final order granting the motion.[2] At trial, the trial court heard testimony from the Wife's counsel, his expert witness, and the Wife's son, but not the Wife herself. In its final order, the trial court found that the Wife's counsel was entitled to a charging lien in the amount of $38,281.96. The trial court explained that its ruling was based on the expert's testimony, which it concluded was uncontradicted, the evidence showing the results achieved by counsel, and counsel's reasonable hourly rate, which it found was far below what an attorney of his experience normally charged.

The Wife contends on appeal that the trial court erred as a matter of law in granting the charging lien for additional attorney's fees and costs in excess of those awarded to her by the magistrate during the divorce proceedings.[3] The Wife argues that the magistrate's findings that these additional attorney's fees were excessive and unreasonable precluded the

---

[2] The record does not contain transcripts of the trial.

[3] A trial court's grant of a charging lien is reviewed de novo. See Duhamel v. Fluke, 295 So. 3d 880, 882 (Fla. 2d DCA 2020).

3

trial court from granting a charging lien for these additional fees. The Wife's argument, however, confuses two distinct concepts.

"[T]he determination of attorneys' fees in a dissolution proceeding is not a determination by the court of the amount due from a party to an attorney[.]" Heller v. Kuvin, 490 So. 2d 245, 246 (Fla. 3d DCA 1986) (quoting Knott v. Knott, 395 So. 2d 1196, 1198 (Fla. 3d DCA 1981)). Instead, "[t]he court decides only the amount by which one spouse indemnifies the other spouse." Id.

An attorney's right to recover against their client is a separate issue, which can be pursued either via a charging lien or an independent action on the contract with their client. Id.; see also Behar v. Root, 393 So. 2d 1169, 1170 (Fla. 3d DCA 1981); Barranco, Darlson, Daniel & Bluestein, P.A. v. Winner, 386 So. 2d 1277, 1279 (Fla. 3d DCA 1980) ("Fees awarded against a husband are fees of indemnification only, . . . and the award determines only the obligation between a husband and wife. The action at law between the wife and her attorney, although consolidated with the dissolution proceeding for trial, presented questions relating to contract rights which remained to be determined apart from the trial court's resolution of the equities between the husband and wife.").

Thus, the magistrate's award of fees to the Wife to be paid by the Husband determined only the obligation between the Wife and Husband as it pertained to attorney's fees and costs. It did not preclude the Wife's counsel from pursuing a charging lien against the Wife for the remaining attorney's fees and costs allegedly owed. The magistrate's resolution of the equities between the Wife and Husband had no bearing on counsel's contractual rights under the contract with his client, the Wife.

Having established it was within the trial court's power to grant the Wife's counsel a charging lien in an amount exceeding the attorney's fees and costs the magistrate ordered the Husband to pay her, we are constrained to affirm the trial court's order because the record on appeal is insufficient for us to determine the propriety of the charging lien amount as we do not have transcripts of the trial proceedings. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without knowing the factual context, . . . an appellate court [cannot] reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Furthermore, to the extent the Wife challenges the sufficiency of the trial court's findings in its order, she failed to file a motion for rehearing as required by Florida Family Law Rule of Procedure 12.530 to preserve the issue.

Affirmed.