551 So.2d 581 (1989)
Kenneth M. LOCHNER, Appellant,
v.
MONACO, CARDILLO & KEITH, P.A. and Nanci E. Lochner, Appellees.
No. 88-02437.
District Court of Appeal of Florida, Second District.
October 27, 1989.
*582 Robert W. Roddis of Kantner and Associates, Ann Arbor, Mich., for appellant.
James A. Bonaquist, Jr. of Monaco, Cardillo & Keith, P.A., Naples, for appellee Monaco.
No appearance for appellee Lochner.
THREADGILL, Acting Chief Judge.
The appellant challenges a money judgment and charging lien rendered by the trial court in favor of an attorney discharged by the appellant during dissolution proceedings. We find that the attorney was not entitled to a charging lien or a money judgment in these proceedings and reverse.
The relevant facts are not in dispute. In October, 1987, the appellant, through his Michigan attorneys, retained attorney Daniel R. Monaco of Naples, Florida to represent him in a dissolution action, agreeing to pay a retainer of $1,500 against which Monaco would bill at the rate of $150 per hour. A letter to this effect from the appellant's Michigan attorney was attached to Monaco's motion to enforce attorney charging lien.
In April, 1988, after paying $6,720.21 in attorney fees, the appellant became dissatisfied with Monaco's representation and discharged him. On May 11, 1988, Monaco filed in the dissolution proceeding a notice of and motion to enforce an attorney's charging lien against the appellant's interest in certain real property in Collier County which he believed to be the only property of the appellant in Florida. He alleged that he had a representation agreement with the appellant on an hourly basis, that he had been actively representing the appellant and that, as of the date of filing, the appellant still owed $4,409.23 in legal fees and $168.60 in costs. Monaco did not allege any express or implied agreement that he would be paid from any real estate retained by the husband in the dissolution action, and in fact stated that pursuant to the hourly arrangement, billings had been charged and paid by the appellant.
On May 23, 1988, Monaco filed a notice of hearing which stated that on May 31, 1988, he would argue the motion for attorney's charging lien before the trial court. The appellant filed a response and motion to dismiss on May 27, 1988, alleging that Monaco had failed to allege any agreement to pay fees from the res of the dissolution action, that there had been no such agreement, and that Florida law required either such an agreement or a contingency agreement before there was an entitlement to a charging lien. The appellant also alleged a bona fide dispute concerning the amount of fees owed.
The appellant was not present at the hearing scheduled on the charging lien. The appellant had retained a new attorney who attended the hearing, but declined to represent the appellant concerning the prior attorney's claim. On June 15, 1988, the trial court granted Monaco's law firm a money judgment against the appellant in the amount of $4,577.83, secured by a charging lien against the appellant's real property until the money judgment was *583 fully satisfied. The order set forth no specific findings of fact nor did it respond to the appellant's unresolved motion to dismiss. The appellant timely moved for rehearing concerning the judgment in favor of Monaco. On July 29, 1988, the court entered a final judgment of dissolution of marriage. On August 25, 1988, the appellant abandoned his motion for rehearing by filing a notice of appeal.
The narrow issue presented by this appeal is whether an attorney may establish the right to a charging lien against real property in a divorce proceeding without alleging an express or implied agreement with his client to permit this remedy. Consistent with prior precedent, we hold that an express or implied agreement is required. In the absence of such an agreement and in the absence of any personal property subject to lien, the attorney must enforce his claim in a separate proceeding.
"A charging lien is an attorney's equitable right to have costs and fees owed for legal services secured by the judgment or recovery in the lawsuit." Newton v. Kiefer, 547 So.2d 727, 728 (Fla. 2d DCA 1989). In order for a charging lien to be imposed, the supreme court has required that there be a contract between the attorney and the client; an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; an attempt by the client to avoid paying or a dispute as to the amount of the fee; and timely notice of the request for a lien. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983).
This court has previously held that a charging lien in a divorce proceeding can be established against personal property without pleading or proving an agreement between the attorney and the client on that subject. Conroy v. Conroy, 392 So.2d 934 (Fla. 2d DCA 1980), rev. den., 399 So.2d 1141 (Fla. 1981). In Conroy, however, we expressly declined to extend this rule to real property. Id. at 937. Just as we found "little to commend" such a rule then, we find little to commend it now. The third district has suggested that an attorney would be "well advised to provide for a lien on such property in the fee agreement with his client." Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 91 n. 5 (Fla. 3d DCA 1987), rev. den., 525 So.2d 879 (Fla. 1988). Such an express agreement avoids any confusion upon the part of the client, and eliminates an unnecessary source of conflict. Thus, we also find merit in this suggestion.
Monaco's motion does not allege any agreement that his fee would be protected by a charging lien against any real estate involved in the divorce, nor does anything in the record support such an agreement. Appellant thus had no notice that Monaco was alleging such an agreement. To the contrary, the motion alleged that the fee agreement was based on an hourly rate and in the past had been so billed and paid. Monaco's only defense to this contention in this appeal is that the motion was capable of being amended to conform to the evidence presented at the hearing. He does not suggest that a motion to amend was actually made, that the trial court granted such a motion in the appellant's absence, or that any other evidence was presented to establish such an agreement. We find Monaco failed to allege the essential elements for a charging lien and the trial court erred in imposing such a lien against the appellant's real property.
We also find the trial court erred in entering a money judgment against the appellant without notice. The appellant had notice only that Monaco was requesting a charging lien against the real property, and did not have notice that a money judgment might be entered. While Monaco again argues that the motion for charging lien was susceptible to amendment to include a money judgment, he does not contend that it was so amended or that the appellant had notice of an impending money judgment. Where an issue is not presented by the pleadings, nor litigated by the parties, a judgment entered on that issue cannot stand. Brady v. Jones, 491 So.2d 1272 (Fla. 2d DCA 1986).
*584 Furthermore, other than by charging lien, a trial court has no authority to enter an order or judgment requiring a party to pay for his representation in a proceeding. Conroy v. Conroy, 370 So.2d 1188 (Fla. 2d DCA 1979), cert. den., 381 So.2d 765 (Fla. 1980). Cristiani v. Cristiani, 114 So.2d 726 (Fla. 2d DCA 1959); see also Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981); Herold v. Hunt, 327 So.2d 240 (Fla. 4th DCA 1976). Because we conclude that there was no basis alleged for a charging lien on appellant's real property, there can be no valid money judgment. To hold otherwise would deprive the appellant of due process in the determination of the fee. Conroy, 370 So.2d at 1189.
We therefore reverse the order awarding Monaco a money judgment and charging lien for attorney fees.
Reversed.
ALTENBERND, J., and BOARDMAN, EDWARD F. (Ret.) J., concur.