WENTWORTH, Judge.
Appellant seeks review of a nonfinal order which denies his motion to quash service of process and to dismiss the action against him. Appellant, a resident of the state of Mississippi, argues that appellees’ pleadings are facially defective because they fail to allege that appellant has minimum contacts with the state of Florida. We agree and reverse the trial court’s denial of appellant’s motion to quash service of process and to dismiss.
In August 1988, appellee filed a motion for proceedings supplementary to execution pursuant to section 56.29, Florida Statutes, and a motion to implead appellant as a third party. Appellee, a judgment creditor in a separate proceeding, alleged in his motion for proceedings supplementary that the judgment debtor had conveyed certain notes and mortgages to appellant after entry of the final judgment in that separate proceeding, that this conveyance was void, and that appellee had a right to satisfy his judgment out of the proceeds of the mortgages held by appellant. Appellee’s motion, however, did not make any jurisdictional allegations with respect to appellant’s contacts with the state of Florida, and did not plead a basis for service on appellant.
The trial court then issued an order which directed appellant to appear in the Leon county courthouse at a specific time and “show cause why he should not be impleaded as a party,” and which provided that “absent an appearance with sufficient grounds shown, [appellee’s] motion to im-plead [appellant] as a party to the requested proceedings supplementary will be granted....” This order was served on appellant in Mississippi. Appellant made an appearance on the date required, but no transcript of that proceeding is included in the record on appeal.
The trial court subsequently granted ap-pellee’s motion to implead appellant. . Appellant filed a motion to quash service of process and to dismiss the proceedings against him. The court denied appellant relief, and this appeal ensued.
*403 Appellee argues that the proceeding below was quasi-in-rem because it concerned an interest in real property. Appel-lee also asserts that because a court does not need personal jurisdiction over a defendant in such an action, the service of process and the pleadings were sufficient in this case. However, according to Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), “[t]he fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property supports an ancient form without substantial modern justification.” Shaffer 433 U.S. at 212, 97 S.Ct. at 2583. The Court also established that “all assertions of state-court jurisdiction must be evaluated áccording to the standards set forth in [International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] and its progeny.” Id. Thus, appellant must have minimum contacts with this state sufficient to meet the standard established in International Shoe in order for a Florida court to exercise its jurisdiction over him in this matter.
Florida Rule of Civil Procedure 1.070(i) provides that service of process which is made under a long-arm statute authorizing service on a non-resident must plead the basis for that service. In failing to plead any basis for the court’s jurisdiction over appellant, appellees have failed to meet their burden under this rule. Further, because the record contains no transcript of the proceeding below, we find inadequate proof that appellant waived his right to object to the court’s exercise of jurisdiction by his appearance at the original proceeding.
The order denying appellant’s motion to dismiss and to quash service of process is reversed.
WIGGINTON and ZEHMER, JJ., concur.