**SU–RA ENTERPRISES, INC., d/b/a Biltmore Jewelers, Plaintiff,**

v.

**BARNETT BANK OF SOUTH FLORIDA, N.A., Defendant.**

**No. 91–2815–CIV.**

United States District Court, S.D. Florida.

July 8, 1992.

Mark Alan Lefcourt, Miami, Fla., for plaintiff Su–Ra.

Mark P. Dikeman, Miami, Fla., for defendant Barnett Bank.

## ORDER ADOPTING REPORT AND RECOMMENDATION

C. CLYDE ATKINS, Senior District Judge.

THIS CAUSE comes before the court on the April 23, 1992 Report and Recommendation (R & R) of the Honorable Magistrate Judge Barry L. Garber (d.e. 20). The R & R recommends that the plaintiff's Motion for Order Remanding Action to State Court (d.e. 3) be granted; and that plaintiff's application for costs (d.e. 3) and plaintiff's Motion for Supplemental Costs (d.e. 19) both be denied. No timely objection was filed. Upon independent review of the record, and being fully advised of the premises, it is

ORDERED AND ADJUDGED that the April 23, 1992 R & R of the Honorable Magistrate Judge Barry L. Garber (d.e. 20) is *adopted* in full and made an order of this court. Accordingly, it is

ORDERED AND ADJUDGED that plaintiff's Motion for Order Remanding Action to State Court (d.e. 3) is *granted.* This action is hereby *remanded* to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. It is further

ORDERED AND ADJUDGED that plaintiff's application for costs (d.e. 3) and Motion for Supplemental Costs (d.e. 19) are *denied.*

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

GARBER, United States Magistrate Judge.

THIS CAUSE is before the undersigned pursuant to a February 28, 1992 Order of Reference entered by the Honorable C. Clyde Atkins, Senior United States District Judge. The following Report and Recommendation is respectfully submitted on plaintiff Su–Ra Enterprises, Inc.'s ("Su–Ra's") Motion for Order Remanding Action to State Court, and Su–Ra's Motion for Supplemental Costs.

## I. INTRODUCTION

On December 11, 1991, defendant Barnett Bank of South Florida, N.A. ("Barnett"), removed this action from the circuit court of Dade County, Florida. Barnett removed the action because

[a]s disclosed in paragraph 3 of the Complaint, [Su–Ra] seeks a declaratory judgment determining the validity and effect of a lease after the lessor under the lease filed for bankruptcy and disposed of the lease during the course of the ensuing bankruptcy proceeding. Thus, the resolution of the disputes in this action arise in or are related to a case under the bankruptcy code. Accordingly, this Court has original jurisdiction over the action and Barnett is entitled to removal thereof to this Court. *See* 28 U.S.C. § 1334, 28 U.S.C. § 1441, 28 U.S.C. § 1446 and Bankruptcy Rule 9027.

(Barnett's Notice of Removal ¶ 2.)

Su–Ra argues that this action involves a simple declaratory judgment concerning the rights and obligations of a lessor and lessee under Florida law. Accordingly, Su–Ra asks the Court to remand the action back to state court. Su–Ra also asks for costs related to the allegedly improper removal.

## II. DISCUSSION

### A. *"Arises Under" Federal Law*

Barnett contends that the Court has original jurisdiction over this action because it "arises under" federal law pursuant to 28 U.S.C. § 1331. (Barnett's Response, at 6.) Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added).

■ Under § 1331, Barnett must prove four distinct "preconditions": (1) Federal law must be an "essential" element of the plaintiff's cause of action; (2) The federal question must be disclosed only on the face of the complaint, and not in the answer or by the petition for removal; (3) The federal question cannot be inferred from a defense asserted by the defendant; and (4) The federal question must be "substantial." *Schultz v. Coral Gables Fed. Sav. & Loan Ass'n*, 505 F.Supp. 1003, 1008 (S.D.Fla.

1981) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

■ Here, Barnett has not established these preconditions. Like the complaint in *Schultz*, Su–Ra's complaint "does not purport to assert any federal right, nor does it seek recovery under any federal statute or regulation. As a result of such pleading, federal law is not apparent on the face of the complaint and is not an 'essential' element of plaintiff's cause of action." *Id.*

Although not apparent on the complaint's face, Barnett asserts that Su–Ra "grounds its leasehold rights upon § 365(h) of the Bankruptcy Code." (Barnett's Response, at 6.) As support, Barnett submits a memorandum written by the plaintiff in a prior action brought against Barnett Banks, Inc. (Barnett's Response, at Ex. A.) Under the "well-pleaded complaint rule," the undersigned finds that such proof cannot establish the "essential" federal nature of Su–Ra's claim. *See Telecredit Serv. Ctr. v. First Nat'l Bank*, 679 F.Supp. 1101, 1105 (S.D.Fla.1988) ("Where the plaintiff's claim is a wholly contained state cause of action, but supported by underlying federal statutory or Constitutional law, then the well-pleaded complaint rule precludes federal jurisdiction.").

In fact, Su–Ra's complaint simply asks for equitable relief under Florida law. It is Barnett who expressly bases its defense on the United States Bankruptcy Code.[1] Barnett, however, cannot create removal jurisdiction by asserting a federal statute as an affirmative defense. *See, e.g., Thomas v. Burlington Indus., Inc.*, 763 F.Supp. 1570, 1575 (S.D.Fla.1991) ("[A] case may not be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the Plaintiff's Complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Schultz*, 505 F.Supp. at 1008 ("[T]he federal question may not be inferred from a defense asserted or one expected to be made.").

---

1. Barnett's fourth affirmative defense is that "[p]laintiff's rights and remedies are limited by the provisions of the United States Bankruptcy

Code, including, without limitation, 11 U.S.C. § 365(h)." (Barnett's Answer and Affirmative Defenses, at 2.)

## B. "Related to" Bankruptcy

■ Alternatively, Barnett argues that removal was properly based on 28 U.S.C. § 1334(b). Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

Courts generally have adopted an expansive view of "related to" jurisdiction in bankruptcy settings. *See generally Collier's on Bankruptcy* ¶ 3.01, at 3–20 (Lawrence P. King ed., 15th ed. 1991) (collecting cases). Usually, the rule in

> determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)).

Applying the *Lemco* test to this action, the undersigned finds that its outcome "could conceivably have an effect on the estate being administered in bankruptcy." The landlord for Su–Ra's lease was Sovereign 1986–1, Ltd. ("Sovereign"). (*See* Complaint at Ex. 1.) Sovereign filed for bankruptcy under title 11 in March, 1990. On October 29, 1990, the bankruptcy trustee for Sovereign sold the right to operate the leased property to Barnett. (Barnett's Response, at 2–3.) If bound to a lease agreement with Su–Ra, Barnett claims it will pursue an action for breach of warranty of title against the bankruptcy trustee. (Bar-

nett's Response, at 4.) Barnett has also raised the United States Bankruptcy Code as an affirmative defense. (Barnett's Answer and Affirmative Defenses, at 2.) Similarly, Su–Ra may pursue an action against the bankruptcy trustee if it eventually loses its rights under the lease to Barnett.[2]

For these reasons, the undersigned concludes that Su–Ra's action against Barnett is "related to" Sovereign's bankruptcy action. Accordingly, this Court has original but not exclusive jurisdiction of the removed action pursuant to 28 U.S.C. § 1334(b). Jurisdiction under § 1334, however, does not compel the Court to hear this action. For example, the Court can remand the action to state court under 28 U.S.C. § 1452(b).[3] Further, the Court can abstain from hearing this action under 28 U.S.C. § 1334(c)(1) or (c)(2).

## C. Abstention

■ Although remand under § 1452(b) or § 1334(c)(1) may be appropriate for comity and other reasons, § 1334(c)(2) directly concerns the scenario presented here. Upon timely motion of a party, § 1334(c)(2) mandates abstention from an action "related to" title 11 where (1) the only basis of jurisdiction is subsections (a) or (b) of § 1334; (2) the action is based on a state law claim not arising under title 11; and (3) the action can be timely adjudicated in an appropriate state court. 28 U.S.C. § 1334(c)(2); *see Seale v. Owens*, 134 B.R. 181, 185 (E.D.La.1991) (discussing requirements); *Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 866 (N.D.Ill.1991) (same).

All three requirements are met in this instance. First, as discussed *supra* § II.A, the Court has jurisdiction over this action solely through 28 U.S.C. § 1334(b). Second, the action is for a declaratory judgment of a lessor's rights and obligations

---

**2.** According to Barnett, the Sovereign bankruptcy remains pending at this time. (Barnett's Response, at 5 n. 1.)

**3.** Section 1452 provides that where the court has jurisdiction over a claim related to a bankruptcy

case under § 1334, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

under a lease, and therefore is based entirely on state law. Su–Ra's claims do relate to Sovereign's bankruptcy action, but clearly do not arise out of that action.[4] Finally, the action can be timely and fully adjudicated in state court, perhaps more timely than here given the Court's crowded civil and criminal docket.

Accordingly, the undersigned believes abstention is required under § 1334(c)(2) and RECOMMENDS that this action be REMANDED to state court. *See In re Cache*, 71 B.R. 851, 852 (Bankr.S.D.Fla. 1987) (abstaining and remanding to state court under § 1334(c)(2)); *Seale*, 134 B.R. at 186 (same); *Baxter*, 132 B.R. at 868–69 (same).

### D. Costs

■ Su–Ra asks for costs incurred in opposing Barnett's removal. 28 U.S.C. § 1447 permits an applicant to seeks costs for a remand based on the court's lack of jurisdiction. In this case, however, remand is required under § 1334(c)(2). Section 1334(c)(2) does not provide for the assessment of costs. Accordingly, the undersigned does not believe Su–Ra is entitled to recovery of costs.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned respectfully

RECOMMENDS that Su–Ra's Motion for Order Remanding Action to State Court be GRANTED. This action should be REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. Su–Ra's application for costs, however, should be DENIED. Su–Ra's Motion for Supplemental Costs, filed March 20, 1992, also should be DENIED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable C. Clyde Atkins, Senior United States District Judge. *See*

28 U.S.C. § 636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 23 day of April, 1992.

---

4. Courts take an expanded approach to "related to" jurisdiction under § 1334(b) precisely because they can remand or abstain as necessary. *See Lemco*, 910 F.2d at 788 n. 16 (abstention provisions of § 1334 "obviate the need for an overly restrictive interpretation of the jurisdictional grant of § 1334(b)").