617 So.2d 761 (1993)
EDWARD C. TIETIG, P.A., Appellant,
v.
SOUTHEAST REGIONAL CONSTRUCTION CORP., Appellee.
No. 92-0216.
District Court of Appeal of Florida, Fourth District.
April 21, 1993.
Rehearing and Clarification Denied June 3, 1993.
*762 Richard F. O'Brien, III of Hall, O'Brien And Sack, P.A., Miami, for appellant.
Hugh F. Quinn, Miami, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
In this case, its third appearance before this court, we resolve, with what we hope will be finality, the issue of how and when an attorney's charging lien against real property may be enforced. In so doing we reverse that part of the trial court's order which, in effect, enjoined appellant from pursuing further efforts to execute, levy upon or otherwise enforce the charging lien other than to collect from the proceeds of a "peaceful or otherwise lawful" sale of the subject real property.
The history of this case, considering the time span from its inception, is a modern day saga. In 1974, appellee, Southeast Regional Construction Corp. ("Southeast"), represented by appellant ("Tietig"), filed this suit against Leadership Housing Systems of Florida, Inc. ("Leadership") seeking money damages. That litigation culminated in a 1982 settlement whereby Southeast was to receive from Leadership a conveyance of certain real property in Tamarac, Florida, as a full and final resolution of the dispute. Tietig claimed and was awarded a charging lien against the real property. This was initially awarded in the form of an undivided one-third interest in the real property. Southeast's appeal, the initial appearance of the case before this court, resulted in our decision reported as Southeast Regional Construction Corp. v. Leadership Housing Sys. of Fla., Inc., 454 So.2d 613 (Fla. 4th DCA 1984) (TIETIG I). We there held that while the record supported a finding that Tietig was entitled to a lien for his fees, to be imposed against the real property recovered in settlement of the litigation, such fees should not be in the form of an undivided legal interest in the property but rather should be in the form of a monetary award to be secured by the imposition of a lien against the property.
Upon remand and pursuant to the mandate, the trial court entered its order dated December 30, 1985 which (1) awarded Tietig a fee in the amount of $56,666.66, (representing one-third of the established value of the real property), (2) granted Tietig a charging lien against the real property, and (3) directed Tietig to immediately convey his undivided one-third interest to one, Hugh F. Quinn, trustee. Tietig's appeal from that order, the second appearance of the case here, resulted in the decision of this court reported as Tietig v. Southeast Regional Construction Corp., 520 So.2d 633 (Fla. 4th DCA 1988) (TIETIG II). We there held that the trial court's award of a *763 fee in the amount of $56,666.66 was proper, but directed the court to amend its order to provide that the award would bear interest at the statutory rate commencing April 29, 1982, the date that the property was originally conveyed from Leadership pursuant to the settlement.
Upon remand the trial court on February 4, 1991, entered its amended order in accordance with the mandate. The court also denied Tietig's motion for entry of a final judgment on the award of attorney's fees (and on a separate order that had been entered for costs). Several months later Tietig caused writ of execution to be issued and sought to levy on the property of Hugh F. Quinn, as trustee for Southeast. When notice of sheriff's sale was posted Southeast sought an order cancelling the sheriff's sale.[1]
The court then entered the order before us, which cancelled the sale and essentially enjoined Tietig from further efforts to enforce the charging lien. In its order the trial court held that Tietig's charging lien on the real property of Southeast (as specifically described in the court's order of December 30, 1985) was not a judgment upon which execution may issue, citing for that proposition the case of Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla. 1988). Our disposition makes unnecessary a determination of whether the order was an enforceable judgment but we note that the cited case supports Tietig's claim of his entitlement to a judgment.
When a claim for an attorney's charging lien is made by an appropriate motion in a proceeding which has not been closed (as was the case here), once the attorney's entitlement to the lien and the amount thereof has been determined the attorney is entitled to have the lien summarily enforced by the court in that same proceeding. Daniel Mones, P.A. v. Smith, 486 So.2d 559 (Fla. 1986). Since both the validity and amount of Tietig's fee and charging lien against the specific real property which Southeast received in settlement of litigation with Leadership Housing had been clearly and emphatically settled by the prior decisions of this court,[2] it was the duty of the court to enforce the lien by a summary proceeding in this action. The court should have summarily entered an enforceable judgment[3] for Tietig against the client in the amount due, see, e.g., Litman, and should have summarily entered a final judgment foreclosing the lien against the specific property and requiring the sale of the property to satisfy the lien out of the proceeds thereof. Wishoff v. Wishoff, 497 So.2d 1351 (Fla. 4th DCA 1986).
We reject as inequitable the concept espoused by Southeast and adopted by the trial court in its order which requires an attorney, granted a charging lien against real property, to look for payment of his fee from the proceeds of sale of the property as and when the client might choose.[4] *764 The inequities of that concept should be so obvious as to require no extended discussion.
This matter should be put to rest. Tietig is entitled to a judgment and is entitled to enforcement of his valid charging lien against Southeast's described real property. It is obvious that Tietig's entitlement to judgment is only against his former client, and just as obvious that a writ of execution issued thereon would subject to levy only the property of the judgment debtor and not, as apparently in this case, the property of another. We affirm that part of the order of November 19, 1991 which cancelled the sheriff's sale and invalidated the writ of execution, as well as that portion which denied sanctions against Tietig. We reverse that part of the order which enjoined Tietig from pursuing further efforts to execute, levy upon or otherwise enforce the charging lien and remand. Upon the going down of our mandate, and upon motion of Tietig as intervenor in the case, the court shall enforce Tietig's charging lien by the entry of a judgment in favor of Tietig and against his former client, Southeast Regional Construction Corp., in the amount of $56,666.66 together with interest thereon at the statutory rate from April 29, 1982 and to further enter a judgment of foreclosure of the lien upon the real property described therein.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
NOTES
[1] One of the grounds of Southeast's motion was that the writ directed levy on property in the name of Hugh F. Quinn, as Trustee for Southeast, but that the Notice of Sale stated Hugh F. Quinn, Trustee, which by law, it alleged, was the same as "Hugh F. Quinn individually." Nowhere in this record do we find that Mr. Quinn, individually, sought protection under section 56.16, et. seq., Florida Statutes.
[2] We look with disfavor upon representations to the contrary made by Southeast's counsel during oral argument of this case.
[3] While that was done in substance, the form of the order awarding attorney's fees and creating the lien on Southeast's property apparently left in doubt the issue of whether it was, in fact, a judgment upon which an execution could issue. That doubt was created by the omission of such traditional words as "for which let execution issue." We have held that such shibboleth is not essential to the finality of a judgment. Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980).
[4] Southeast, while urging that Tietig's charging lien is not in fact a lien, but merely a charge against the ultimate proceeds to be realized, nonetheless recognizes that Southeast owes Tietig the amount of the attorney's fee award and says that such amount will be paid some day as and when the property is sold by Southeast in an arm's length negotiated sale which it determines to be advantageous. Southeast argues on this appeal that to require sale of the property now would create a hardship because, so it says, the property value is depressed and would likely not yield upon forced sale an amount sufficient to pay the amount of the attorney's charging lien with accrued interest. If such is the case, Southeast would have done well initially to have accepted the court's original order which granted to Tietig an undivided one-third interest in the property, rather than to have taken the position upon which it prevailed, viz: that the charging lien should be a monetary sum. That bed was made by Southeast, and it will, presumably, have to lie in it.