### In re GENERAL DEVELOPMENT CORPORATION, et al., Debtors.

**Bankruptcy No. 90–12231–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 9, 1994.

Kenneth Robinson, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for debtors.

Douglas Lyons, Coral Gables, FL, for Douglas Lyons, Esquire, and Lyons & Farrar.

Andrew B. Hellinger, Mishan, Sloto, Hoffman & Greenberg, P.A., Miami, FL, for Stinson, Lyons & Bustamente.

## ORDER DENYING RENEWED MOTION FOR HEARING ON CHARGING LIEN

A. JAY CRISTOL, Chief Judge.

THIS CAUSE came on before the Court on February 15, 1994 at 3:00 p.m. upon Lyons and Farrar, P.A.'s ("L & F") Renewed Motion for Hearing on Charging Lien ("Motion"). In its Motion, L & F appears to be requesting that the Court enter an Order allowing a charging lien for Stinson, Lyons & Bustamente ("SL & B"). However, in its oral presentation L & F requested the Court determine whether L & F or SL & B should share the proceeds of the charging lien. A factual review will enable the Court to explain this difference.

GENERAL DEVELOPMENT CORPORATION, ("GDC") filed a voluntary Chapter 11 proceeding in 1990. In the Bankruptcy proceeding, SL & B represented approximately 1,000 class action claimants. At some point during the GDC proceeding, the partners of SL & B ended their association. Douglas Lyons, Esquire, an attorney and partner at SL & B, began practicing at L & F, taking with him SL & B's clients in the GDC case.

On April 29, 1993, the Court entered an Order Granting Motion to Enforce Charging Lien. On July 13, 1993, the Court entered an Order Enforcing Charging Lien and establishing Procedures for Distribution of Compensation. The July 13, 1993 order was amended by an order dated August 27, 1993. The orders regarding charging liens are collectively referred to as "Charging Lien Orders." The Charging Lien Orders authorized a charging lien against the funds to be disbursed by GDC to the clients of SL & B under GDC's Plan of Reorganization. The Charging Lien Orders required GDC to pay all distributions to L & F. GDC met all of its obligations under the Charging Lien Orders and continues to do so. The parties do not dispute that GDC has met its obligations. Further, both L & F and SL & B agree that GDC and the estate are not a party to the dispute before the Court.

Although the Motion requests the Court allow a charging lien, the matter before the Court is actually a dispute between SL & B and L & F over how much money each firm is entitled to from the proceeds of the Charging Lien Orders. L & F claims that it is entitled to share in the bankruptcy fees generated by SL & B's clients while Douglas Lyons, Esquire was employed at L & F. SL & B on the other hand contends that L & F is not entitled to any fees generated by SL & B's clients.

The Court notes that L & F and SL & B have similar disputes in approximately 30 to 40 other cases involving clients of SL & B. Based on all of the disputes, SL & B filed a complaint in the state court styled *Stinson, Lyons & Bustamente, P.A. vs. Douglas S. Lyons and Lyons & Farrar, P.A.*, Case No. 93–17040 CA 21 ("State Court Action"). In the State Court Action, SL & B is seeking an accounting, damages and a determination as to the right to the attorneys' fees generated in various cases, including the GDC case.

L & F indicated to the Court that it has set many hearings to determine the amount of and right to charging liens as between SL & B and L & F in almost every case which Douglas Lyons, Esquire took with him to L & F. SL & B has opposed each of those motions requesting that any determination as to the distribution of fees between L & F and SL & B be determined on a global basis in the State Court Action. In fact, in the case of *Minor v. Theodore Racciatti, D.O.*, Case No. 92–5029 CA 21, the State Court consolidated L & F's Motion for Attorneys' Lien and/or Charging Liens with the State Court Action. In the case of *Dufek v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 91–24341 CA 05, the Court granted SL & B's Motion to Abate charging lien issues. Lastly, in the case of *Vogel v. Lehigh Corporation*, Case No. 90–8438–CA–JRT, the Court denied L & F's Motion to Determine Charging Lien. It appears that every Court faced with the issue of piece meal litigation involving a dispute between L & F and SL & B has determined that judicial economy mandates resolving this dispute in one proceeding, i.e. the pending State Court Action, Case No. 93–17040 CA 21.

L & F argues that this Court must determine the value of the charging lien because a summary proceeding in the original action represents a preferred method of enforcing an attorney's charging lien. See, *Daniel Mones, P.A. v. Smith*, 486 So.2d 559 (Fla. 1986). In accordance with *Smith*, this Court has already determined the amount of a charging lien and directed payment of the charging lien. Further, there is no longer a need to enforce the charging lien because GDC is paying the proceeds to L & F's Trust Account. L & F confirmed that in excess of one million dollars is or will be held by L & F in trust under the Charging Lien Orders. This would be the end of the Court's consideration of this matter; however, L & F maintains that the Court should determine how to divide this fund as between L & F and SL & B.

■ A core proceeding is any case which is brought under, arises under or is related to a case brought under Title 11 of the United States Code. 28 U.S.C. § 157(a).

Bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings under Title 11, which include, but are not limited to "matters concerning the administration of the estate, determinations of the validity, extent or priority of liens, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the Debtor/Creditor relationship." 28 U.S.C. § 157(b)(2). The term related to is defined as one whose outcome could "conceivably have any effect on the estate being administered in bankruptcy." *In the Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). The Court has already determined the amount and extent of the charging lien. The claims under the charging lien have been paid. The Court finds that the matters raised in L & F's Motion do not constitute a core proceedings because they are not related to the Chapter 11 case nor do the issues affect the estate. The Court notes that certain facts of the bankruptcy case are relevant in the dispute between L & F and SL & B. However, mutual facts do not give rise to jurisdiction in the Bankruptcy Court. *In the Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990). The Court holds that the instant dispute does not present a core proceeding and that for the reasons set forth below the State Court is the proper forum to decide this dispute.

■ Assuming that the Court had jurisdiction to consider this dispute, the Court would abstain under Section 1334(c)(2) which mandates abstention from any action relating to Title 11 where the action is based on a state law claim not arising under Title 11 and where the action can be adjudicated in the appropriate state Court. 28 U.S.C. § 1334(c)(2); see *Su–Ra Enterprises v. Barnett Bank of S. Fla.*, 142 B.R. 502 (S.D.Fla. 1992). In *Smith*, the Court was presented with an attorney and client dispute. The *Smith* Court indicated a preference to resolve the attorney and client dispute in the Court where the dispute arose. *Smith* at 561. In the case at bar, L & F and SL & B do not dispute the amount of fees paid by GDC in the bankruptcy case. Further, the dispute is not an attorney and client dispute. Rather, it is a dispute between law firms as

to how much of already awarded and paid fees each firm is entitled to. Even under *Smith*, the proper forum for adjudicating this matter is in the State Court Action. The Court holds that, even if it had jurisdiction over the dispute between L & F and SL & B, abstention is warranted under § 1334(c)(2). *In re Cache*, 71 B.R. 851 (Bankr.S.D.Fla. 1987). See, *Su–Ra Enterprises*, 142 B.R. at 506, *Bagdan v. Sony Corp. of America*, 767 F.Supp. 81 (D.Vt.1991).

As a matter of judicial economy and for the reasons recited above, the Court holds that the State Court Action is the proper forum to resolve the issue of which firm is entitled to the fees already awarded under Charging Lien Orders. Accordingly, it is

ORDERED:

1. L & F's Renewed Motion to Determine Charging Lien is hereby denied.

2. L & F's Motion is remanded to the State Court for adjudication in the State Court Action.

DONE AND ORDERED.