658 So.2d 1148 (1995)
Maurice Arnold SHAWZIN, Appellant/Cross-Appellee,
v.
Donald J. SASSER, P.A., Appellee/Cross-Appellant.
No. 93-2808.
District Court of Appeal of Florida, Fourth District.
August 2, 1995.
Rehearing Denied September 14, 1995.
*1149 Martin H. Colin of the Law Offices of Martin H. Colin, Lake Worth, for appellant/cross-appellee.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellee/cross-appellant.
DELL, Chief Judge.
Maurice Arnold Shawzin (appellant) appeals from an order granting a motion for a charging lien and Donald J. Sasser, P.A., (appellee) cross-appeals from an order granting appellant's motion to set apart homestead. Appellant contends the trial court erred when it granted appellee a charging lien in the amount of $52,337.73, when it entered a money judgment against appellant in that amount, and when it imposed the charging lien against appellant's townhouse received as part of an equitable distribution in a dissolution proceeding. On cross-appeal, appellee contends the trial court erred in granting appellant's motion to set aside as homestead property all of the proceeds derived from the sale of his townhouse.
In 1991, appellant instituted a dissolution of marriage action. He retained the services of appellee and entered into a representation agreement which provided in pertinent part:
IT IS specifically agreed that DONALD J. SASSER, P.A. shall and is hereby granted all general, possessory and retaining liens and all equitable, special and attorneys' charging liens upon the client's interest in any and all real and personal property within the jurisdiction of the court for any balance due, owing and unpaid at the conclusion of the case or the sooner termination of employment. Such lien(s) shall relate back to the date of this Agreement and shall be superior in dignity to any other lien subsequent to the date hereof.
In December of 1992, appellee filed a motion to withdraw as appellant's counsel. After the trial court entered an order granting appellee's motion to withdraw, appellant and his former wife entered into a settlement *1150 agreement whereby appellant retained title to the marital home in exchange for paying his former wife alimony in the amount of $550,000. Following the entry of the final judgment dissolving the marriage and incorporating the settlement agreement, appellee moved for a charging lien.
The trial court conducted an evidentiary hearing on appellee's motion for a charging lien and thereafter awarded appellee a money judgment in the amount of $52,337.37 and a charging lien in like amount against the marital home.
We find no error in the trial court's order awarding appellee an attorney's charging lien against appellant's real property. The requirements for imposition of a charging lien are:
(1) In order for a charging lien to be imposed, there must first be a contract between the attorney and the client.
(2) There must also be an understanding, express or implied, between the parties that the payment is either dependent upon recovery or that payment will come from the recovery.
(3) The remedy is available where there has been an attempt to avoid the payment of fees or a dispute as to the amount involved.
(4) There are no requirements for perfecting a charging lien beyond timely notice.
See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla. 1983); see also Glickman v. Scherer, 566 So.2d 574, 575 (Fla. 4th DCA 1990); Zimmerman v. Livnat, 507 So.2d 1205, 1206 (Fla. 4th DCA 1987). Here, the representation contract unequivocally satisfies the first two elements for a charging lien. Likewise, the record clearly demonstrates a dispute as to the amount involved and that appellee filed timely notice of his request for a lien.
Appellant argued in the trial court and now on appeal that appellee failed to establish that his efforts produced a positive judgment or settlement upon which the lien for services rendered may attach. The record shows, however, that the primary dispute in the dissolution proceeding centered on appellant's property interest in the marital home, a townhouse located in Palm Beach, Florida. The trial court awarded appellant the marital home. After considering the testimony on appellee's motion for a charging lien, the trial court found:
In this case of course, the positive result ultimately has been the issue of the ownership of the townhouse, an issue that was contested and as Mr. Sales indicated, the townhouse really was the sole marital asset.
It seems to me deciding that issue and finding that that is Mr. Shawzin's property constituted the type of positive results that ultimately resulted in this case.
Now, obviously, Mr. Sasser was not there at the moment that happened but having looked and seen what he did and having listened to the testimony about what he did along the litigation route, I am certainly prepared to find that his effort furthered that end result.
Our review of the record compels our holding that sufficient evidence supports the trial court's award and the amount awarded as a charging lien.
We find merit, however, in appellant's argument that the trial court erred when it entered a money judgment in favor of appellee. Appellee concedes that Lochner v. Monaco, Cardillo & Keith, P.A., 551 So.2d 581 (Fla. 2d DCA 1989), is dispositive of this issue.[1] In Lochner, the court held:
[T]he trial court erred in entering a money judgment against the appellant without notice. The appellant had notice only that Monaco was requesting a charging lien against the real property, and did not have notice that a money judgment might be entered... . Where an issue is not presented by *1151 the pleadings, nor litigated by the parties, a judgment entered on that issue cannot stand.
Id. at 583 (citation omitted). As appellee noticed a hearing only on his motion for a charging lien, the notice failed to apprise appellant that a money judgment might be entered against him.
Finally, on cross-appeal, appellee contends that the trial court erred when it granted appellant's motion to set aside all of the proceeds derived from the sale of the townhouse. Appellant initially contends that the cross-appeal should be dismissed because appellee failed to file a notice of cross-appeal within thirty days of the order granting appellant's motion to set apart homestead property.
The following procedural history shows appellee timely filed his cross-appeal. On June 21, 1993, the trial court entered the order granting appellee's motion for a charging lien. Appellant thereafter filed a motion for rehearing. On August 14, 1993, the trial court entered the order granting appellant's motion to set apart homestead property. On August 20, 1993, the trial court denied the motion for rehearing on the charging lien. Appellant filed a notice of appeal on September 17, 1993 challenging the order denying his motion for rehearing on appellee's charging lien. On September 24, 1993, appellee filed his notice of cross-appeal from the order setting apart homestead. The order setting apart homestead constitutes a ruling adverse to appellee which we hold merged into and became an inherent part of the final order properly under review in the main appeal. See generally Breakstone v. Baron's of Surfside, Inc., 528 So.2d 437 (Fla. 3d DCA 1988). Thus, appellee timely cross-assigned error. See rule 9.110(g) and (h), Fla.R.App.P.
On the merits, appellee points out that, following final judgment of dissolution, appellant sold the townhouse and received $1,850,000 which was paid in part by a condominium valued at $650,000 and the balance in cash. From the cash portion of the closing proceeds, appellant paid his former wife $550,000 as lump sum alimony and paid the fees and costs incurred by his newly retained attorney, Martin Colin. Appellant also placed $64,898.34, the amount of appellee's charging lien plus twenty-four percent interest, in escrow pending the court's determination of his motion to set apart the homestead property. Appellant placed the other monies received from the sale in a money-market account. The supreme court stated in Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla. 1962), that
funds resulting from the voluntary sale of the homestead are "converted", and while "in transit" assume the character of the exempt real property, dependent, however, upon a bona fide intent of the seller to reinvest such funds in another homestead within a reasonable time. The requirement as to the intention of the seller to reinvest is necessary in order to carry into effect the real, underlying purpose of the homestead exemption as hereinbefore outlined.
Id. at 207. The court expressed the opinion that only the proceeds intended to be reinvested are protected under the homestead exemption.
Moreover, only so much of the proceeds of the sale as are intended to be reinvested in another homestead may be exempt under this holding. Any surplus over and above that amount should be treated as general assets of the debtor.
Id. at 206. Here the record shows that appellant utilized a significant portion of the proceeds derived from the sale of the homestead for purposes other than for reinvestment in another homestead. La Croix requires our holding that the trial court committed error when it exempted all of the proceeds derived from the sale of the former homestead property.
Accordingly, we affirm the trial court's order awarding appellee a charging lien in the amount of $52,337.37. We reverse that part of the order awarding appellee a judgment in the amount of $52,337.37, and we reverse that part of the trial court's order exempting all of the proceeds received by appellant from the sale of the townhouse from application of the order granting a charging lien. We remand this cause to the trial court for further proceedings consistent herewith.
*1152 AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE and PARIENTE, JJ., concur.
NOTES
[1] Appellee directs our attention to Tietig v. Southeast Regional Constr. Corp., 617 So.2d 761 (Fla. 4th DCA), rev. denied, 630 So.2d 1101 (Fla. 1993), and suggests that Tietig may support entry of a money judgment under the facts of this case. We find nothing in this court's opinion in Tietig that disturbs the rule established in Lochner.