29 So.3d 456 (2010)
JAFFE & HOUGH, P.C., Appellant,
v.
Laura BAINE, Michael Baine, and Bausch & Lomb Incorporated, a foreign profit corporation, Appellees.
No. 2D09-3385.
District Court of Appeal of Florida, Second District.
March 12, 2010.
*457 Joseph T. Metzger and Lisa N. Wysong of Metzger Law Group, P.A., Tampa, for Appellant.
John W. Frost, II and Peter W. Van den Boom of Frost Van den Boom & Smith, P.A., Bartow, for Appellees Laura Baine and Michael Baine.
No appearance for Appellee Bausch & Lomb Incorporated.
SILBERMAN, Judge.
Jaffe & Hough, P.C., seeks review of the trial court's order denying its motion to dismiss for lack of personal jurisdiction. The underlying action is a summary proceeding[1] filed by Laura and Michael Baine against Jaffe & Hough. The Baines sought to determine Jaffe & Hough's right to a charging lien for representation of the Baines as to a products liability claim against Bausch & Lomb Incorporated. Because the Baines failed to satisfy their burden of pleading sufficient facts to subject Jaffe & Hough to personal jurisdiction, the trial court erred in denying the motion to dismiss. Accordingly, we reverse.
Laura Baine suffered injuries due to an eye infection that she developed while using one of Bausch & Lomb's products. In August 2006, the Baines entered into a written contingency fee agreement in which they agreed to retain Jaffe & Hough to prosecute a products liability claim against Bausch & Lomb. Jaffe & Hough is a law firm located in Philadelphia, Pennsylvania. *458 The Baines, who are residents of Polk County, Florida, signed the fee agreement at Jaffe & Hough's offices in Pennsylvania. In July 2007, before any lawsuit was filed, the Baines discharged Jaffe & Hough as their counsel and then hired Frost Van den Boom & Smith, P.A., a law firm located in Polk County, to pursue their claim. Frost Van den Boom filed a complaint in Polk County, and the Baines eventually settled with Bausch & Lomb.
After the settlement, counsel for Bausch & Lomb, who was located in Kansas City, Missouri, received a letter from Jaffe & Hough's counsel asking Bausch & Lomb to hold distribution of the settlement monies pending resolution of Jaffe & Hough's attorney's lien issues. The Baines became aware of this letter and initiated a summary proceeding by filing a complaint in the products liability action in Polk County. The complaint sought to "determine former attorneys' Jaffe & Hough's charging lien." Jaffe & Hough then filed a lawsuit in the Eastern District Court of Pennsylvania seeking attorney's fees from the Baines. Jaffe & Hough also moved to dismiss the summary proceeding in Polk County based on a lack of personal jurisdiction.
In its motion to dismiss, Jaffe & Hough alleged that the Baines failed to satisfy their burden of pleading a sufficient basis for long-arm jurisdiction by failing to allege either the language of the long-arm statute or specific facts to demonstrate that Jaffe & Hough fit within the statute. Jaffe & Hough also alleged that the Baines failed to establish that Jaffe & Hough had sufficient minimum contacts with Florida to subject the firm to personal jurisdiction here. The Baines asserted that jurisdiction was proper based on case law stating that an attorney's right to a charging lien should be determined in the original action. The trial court summarily denied the motion to dismiss.
In Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So.2d 598, 600-01 (Fla. 2d DCA 2007), this court summarized how it determines whether plaintiffs have satisfied their burden of pleading personal jurisdiction as follows:
It is well established that determining the propriety of a plaintiff's attempt to exercise long-arm jurisdiction over a foreign defendant is a two-step inquiry. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Kin Yong Lung Indus. Co. v. Temple, 816 So.2d 663, 666 (Fla. 2d DCA 2002). The first inquiry is whether the plaintiff has alleged sufficient jurisdictional facts to subject the defendant to long-arm jurisdiction under section 48.193, Florida Statutes. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 666; see also Doe v. Thompson, 620 So.2d 1004, 1004 (Fla.1993). If the plaintiff has done so, the second inquiry is whether the defendant possesses sufficient minimum contacts with Florida to satisfy constitutional due process requirements. Venetian Salami, 554 So.2d at 500; Kin Yong Lung Indus. Co., 816 So.2d at 666. This requires the court to determine whether the defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida's courts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Res. Healthcare of Am., Inc. v. McKinney, 940 So.2d 1139, 1141 (Fla. 2d DCA 2006).
The burden of pleading jurisdiction lies with the plaintiff. 955 So.2d at 601. The plaintiff may allege the language of section 48.193, Florida Statutes (2008), without *459 supporting facts or may set forth specific facts showing that the defendant's actions are encompassed by section 48.193. If the plaintiff satisfies this pleading requirement, then the burden shifts to the defendant to produce evidence contesting the jurisdictional facts in the complaint. 955 So.2d at 601.
Although the summary proceeding complaint here does not track the language of section 48.193 or set forth specific facts establishing jurisdiction under section 48.193, the Baines argue that the complaint sets forth sufficient information showing that personal jurisdiction is proper.[2] They contend that under Daniel Mones, P.A. v. Smith, 486 So.2d 559 (Fla. 1986), they were required to pursue a determination of Jaffe & Hough's entitlement to a charging lien as a summary proceeding in the original action. The Baines also argue that their complaint establishes quasi in rem jurisdiction over the settlement funds.
In support of their first point, the Baines argue that, under Daniel Mones, P.A., Jaffe & Hough was subject to jurisdiction in Polk County because the Baines filed their lawsuit against Bausch & Lomb in Polk County. The Baines also rely on several cases citing to Daniel Mones, P.A. See In re Gen. Dev. Corp., 169 B.R. 756 (S.D.Fla.1994); Baker & Hostetler, LLP v. Swearingen, 998 So.2d 1158 (Fla. 5th DCA 2008); New England Mut. Life Ins. Co. v. Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., 690 So.2d 1354 (Fla. 3d DCA 1997); Edward C. Tietig, P.A. v. Se. Reg'l Constr. Corp., 617 So.2d 761 (Fla. 4th DCA 1993).
In Daniel Mones, P.A., an attorney filed an action to collect fees allegedly owed by his former clients for several legal matters. 486 So.2d at 560. The attorney had deposited $22,000 of settlement proceeds from a mechanics lien case into an attorney's trust account. He claimed fees of $14,400 for the mechanics lien case and approximately $30,000 in fees for services in prior matters. Although the clients disputed the fees, the attorney then transferred the balance to his personal account. When the former clients demanded he disburse the proceeds to them, he refused and filed suit. He claimed he was authorized to hold the funds until the fee dispute was resolved because he held a retaining lien and a charging lien on the funds. Id. at 560-61.
The trial court ruled in the attorney's favor, but the Third District reversed. Id. at 561. The appellate court determined that the attorney had not perfected a charging lien because he had not filed a notice of lien or pursued the charging lien in the mechanics lien action that resulted in the settlement proceeds at issue. The court also determined that the attorney was not entitled to a retaining lien as to the funds in the attorney trust account for past legal services in unrelated cases. Id.
The Florida Supreme Court approved the Third District's decision in part and quashed it in part. The court described the issue as "whether the attorney acquired a valid lien on his client's settlement proceeds, thereby allowing him to retain the funds until a dispute over fees is settled." Id. at 560. The court concluded that a charging lien could not be imposed but that a retaining lien could. Id. at 561-62. As to the charging lien, the court *460 explained that one of the requirements was timely notice. Id. at 561. This could be accomplished by either filing a notice of lien or by pursuing the lien in the original action. The court explained: "A summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida." Id. Because the attorney neither filed a notice of lien nor pursued the charging lien in the original action, the court determined that a valid charging lien could not be imposed on the settlement proceeds. Id.
The Baines argue that under Daniel Mones, P.A., the preferred method for them to determine Jaffe & Hough's entitlement to a charging lien was to file a summary proceeding in the original action. However, Daniel Mones, P.A. addressed what the attorney who sought to impose a charging lien must do. That case does not address what a client can or should do to contest a potential charging lien. Further, even if the client could initiate a proceeding to determine the existence of a charging lien, Daniel Mones, P.A. does not exempt the client in such a proceeding from the pleading requirements to establish personal jurisdiction over a foreign defendant under Venetian Salami. In fact, the issue of personal jurisdiction is not mentioned in Daniel Mones, P.A. Thus, the Baines' reliance on Daniel Mones, P.A. is misplaced.
The Baines' reliance on Baker & Hostetler, LLP, In re General Development Corp., New England Mutual Life Insurance Co., and Edward C. Tietig, P.A., is similarly misplaced. In Baker & Hostetler, LLP, for example, the issue again concerned whether the law firm provided proper notice of the charging lien in the dissolution action in which the firm represented a party. 998 So.2d at 1160-61. As in Daniel Mones, P.A., the attorney sought to enforce a charging lien, not the client. The court relied on Daniel Mones, P.A. for the proposition that "a summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida as opposed to a separate action." Id. The court concluded that notice must be filed before the entry of final judgment or dismissal based on a settlement agreement unless the trial court reserves jurisdiction over the issue of both entitlement to and amount of attorney's fees. Id. at 1161-63. The court's decision turned on whether the determination of entitlement and amount of attorney's fees had been finalized, not whether the law firm had subjected itself to jurisdiction by attempting to enforce a charging lien. Id. at 1163.
As in Daniel Mones, P.A., the Baker & Hostetler, LLP court did not address the issue of personal jurisdiction. The other cases cited by the Baines likewise do not address the issue of personal jurisdiction over the attorney seeking the charging lien. See In re Gen. Dev. Corp., 169 B.R. 756; New England Mut. Life Ins. Co., 690 So.2d 1354; Edward C. Tietig, P.A., 617 So.2d 761. Accordingly, the trial court erred in rejecting Jaffe & Hough's argument that the Baines had failed to plead a sufficient basis for long-arm jurisdiction.
In support of their second point, the Baines argue that it was unnecessary to establish personal jurisdiction because the complaint established that the court had quasi in rem jurisdiction over the Baines' settlement funds. However, an assertion that the trial court has quasi in rem jurisdiction is not sufficient to relieve the Baines of their burden to plead that Jaffe & Hough has sufficient minimum contacts with Florida. See Pinkerton v. Leisure Props., Ltd., 559 So.2d 402, 403 (Fla. 1st DCA 1990) (citing Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)). Furthermore, notwithstanding *461 the Baines' arguments, the summary proceeding complaint does not reference the location of the Baines' settlement funds.
Because the Baines' complaint does not establish a basis for personal jurisdiction over Jaffe & Hough, we reverse and remand for the trial court to dismiss the complaint.
Reversed and remanded.
MORRIS, J., Concurs.
ALTENBERND, J., Concurs specially.
ALTENBERND, Judge, Specially concurring.
I fully concur in this opinion. This court's record in this nonfinal appeal consists of a very limited appendix. However, it should be emphasized that Bausch & Lomb was a defendant in a large number of similar personal injury actions around the country. About the same time that the Baines retained Jaffe & Hough, the federal personal injury cases were subjected to multidistrict litigation assigned to the district court in South Carolina. See In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig., 444 F.Supp.2d 1336 (J.P.M.L.2006). There are indications in our record that Mrs. Baine received medical treatment for this injury in Pennsylvania. Thus, nothing in our record suggests that Jaffe & Hough ever contemplated that its representation of the Baines would require litigation in Florida.
Moreover, although the Baines filed this action initially in Polk County, the record suggests that it was removed to federal court and transferred to the multidistrict litigation. If so, I question whether it was appropriate to file such a "summary proceeding" in a case that had long ago been removed to federal court.
NOTES
[1] See § 51.011, Fla. Stat. (2008) (providing for abbreviated pre-trial and trial procedures in certain actions).
[2] The complaint alleges that the Baines reside in Polk County, Florida. The complaint also summarizes the factual background as to the Baines' claim against Bausch & Lomb, which was filed in Polk County by Frost Van den Boom. However, the complaint does not contain any allegations suggesting that Jaffe & Hough undertook any actions in Florida or had any dealings in Florida.